STEPHEN C. BAILEY and EDWARD H. KANE, Respondents, *v.* ALEXANDER H. WEED, Appellant.

*Partnership for the purpose of dealing in real estate — it may be created by oral agreement.*

A partnership for the purpose of dealing in real estate may be created by an oral agreement, provided it does not involve the conveyance by one partner to another of any interest in the real estate itself, but contemplates that one partner shall take and give conveyances and all the other partners shall contribute to the common expense or labor and share in the profits and losses.

APPEAL by the defendant, Alexander H. Weed, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Essex on the 22d day of November, 1897, upon the decision of the court, rendered after a trial at the Essex Special Term adjudging that the real estate described in the complaint is partnership property belonging in equal shares to the plaintiffs and defendant, that the accounts be stated and a receiver be appointed to sell the lands and distribute the proceeds.

*Francis A. Smith*, for the appellant.

*J. Sanford Potter*, for the respondents.

LANDON, J.:

It is well settled that a partnership can be made by the oral agreement of the parties for the purpose of dealing in real estate, if it does not involve therein the conveyance by one partner to another of any interest in the real estate itself, but is to be managed by one partner taking and giving the conveyances, and all the partners contributing to the common expense or labor and sharing in the profits and losses. (*Bissell* v. *Harrington*, 18 Hun, 81; *Chester* v. *Dickerson*, 54 N. Y. 1; *Traphagen* v. *Burt*, 67 id. 30; *Fairchild* v. *Fairchild*, 64 id. 471; *Greenwood* v. *Marvin*, 111 id. 423.)

In this case it was a question of fact upon conflicting evidence whether the contract between the parties was of this kind, or whether, in addition to the element of partnership, it also contained an agreement by the defendant to convey to each plaintiff

one-third of the real estate to be purchased by the defendant in his own name upon their payment to him of one-third of the purchase price and expenses, and, therefore, was void under the Statute of Frauds. The learned trial court found in favor of the plaintiffs, and we do not think we should be justified in setting aside the finding.

It is true the plaintiffs have contributed but little to the common enterprise, but they appear to have been willing to contribute as fully as they agreed to, and the defendant finally rejected their tenders of contribution upon the ground that he had the title, and, as he expressed it, that they "were not in it."

The subsequent request of each of the plaintiffs of the defendant for a conveyance could be considered as an effort to obtain an interest in the property, after the defendant had refused to recognize them as partners in its management and proceeds, and thus considered was not conclusive against their claim as partners in the proceeds.

The judgment should be affirmed, with costs.

All concurred.

Interlocutory judgment affirmed, with costs.