(46 Misc. Rep. 179.)

## LARKIN v. MARTIN et al.

(Supreme Court, Special Term, New York County. December, 1904.)

1. PARTNERSHIP—CONTRACT—PERFORMANCE—EVIDENCE—SUFFICIENCY.
    In action for accounting under an alleged partnership agreement for the lease of land and erection of improvements thereon, evidence examined, and *held* to show that the agreement between plaintiff and his alleged partner was for an equal sharing of the net profits, and that plaintiff substantially performed the contract on his part.

2. SAME—STATUTE OF FRAUDS.
    A writing is not necessary to the validity and enforceability of a partnership agreement to engage in a real estate enterprise.

3. SAME—PART PERFORMANCE.
    Where there has been a part performance of an oral contract to engage in a partnership real estate enterprise, especially of such a character

that the amount of a party's damage on breach of the contract by the other would be difficult or impossible of proof, equity has jurisdiction to compel an accounting to ascertain the share of the profits to which the partner part performing is entitled.

Action by Matthew D. Larkin against William P. Martin and others. Decree in favor of plaintiff.

John O'Connell, for plaintiff.

Sanders & Gray (Arthur M. Sanders, of counsel), for defendant Martin.

Ellis B. Southworth, for defendant Weed.

Hays & Herschfield (Daniel P. Hays, of counsel), for defendant Fleischman Realty & Construction Co.

GIEGERICH, J.  The plaintiff's evidence shows that in May, 1903, he and the defendant Martin agreed to undertake as a joint venture the obtaining of a long-term lease upon certain unimproved premises at the corner of 149th street and 3d avenue, borough of the Bronx, New York City, for the purpose of erecting thereon a building with money to be borrowed; that they would share equally all expenses of the enterprise; and that the lease should be taken in the name of some person or corporation to be mutually agreed upon.  The plaintiff is a real estate broker.  The defendant conducts a meat, fruit, and vegetable market.  In pursuance of the contract they co-operated for many months, and finally agreed with the agents of the owner of the vacant land sought to be acquired upon the terms of a lease, and that lease was executed by the owner, and for several weeks remained in the hands of such agents, awaiting the performance on the part of the plaintiff and Martin of their undertaking to obtain indemnity in the amount of $25,000 as security for the prompt and proper construction of the projected building.  Two principal difficulties seemed to confront them in their enterprise. One was to obtain the indemnity bond required, and the other was to secure some responsible builder who would erect the proposed structure, or a loan sufficient for that purpose.  The matter was finally carried through in the following manner:  The defendant Martin entered into an underwriting agreement with the defendant Weed, whereby the latter, in consideration of the receipt of $10,000 in cash and of $30,000 of the $100,000 capital stock of the State Realty Company of New York, which is a corporation that was organized for the purpose of taking and holding the property in suit, guarantied $100,000 of the first mortgage bonds of the defendant the said State Realty Company.  The guaranty of the defendant Weed was to take the proposed issue of $100,000 of bonds at 80 cents on the dollar, or such part thereof as should not have been previously sold by Martin.  Martin, on the other hand, undertook to obtain a contractor who would erect the building according to the plans and specifications annexed to the underwriting contract, being the same, apparently, as were annexed and made a condition to the lease; and who would, furthermore, furnish a bond in the required sum of $25,000 for the faithful performance of the contract.

This underwriting agreement between Weed and Martin was made on March 22, 1904. A few days afterward, namely, on March 26, 1904, a tripartite building agreement was entered into between Martin, Weed, and the Fleischman Realty & Construction Company, whereby the Fleischman Realty & Construction Company bound itself to erect a building according to the plans and specifications aforesaid for the sum of $75,000, and to finish the same on or before May 1, 1906. Weed and Martin bound themselves, on the other hand, to pay the Fleischman Company the sum of $75,000 30 days after the erection and completion of the building. It further appeared that as a part of the entire agreement the Fleischman Company furnished or procured the bond of indemnity required by the landlord as a condition to giving the lease. Martin denies the making of any original agreement by which the plaintiff was to share in the profits of the venture, but admits that at a subsequent time he did promise the plaintiff one-half of the net profits if the latter would finance the undertaking and make the building loan and put up the bond. This testimony of the defendant is, however, inherently improbable, in view of the undisputed facts in the case, and furthermore is in direct conflict not only with the testimony of the plaintiff, but that of several witnesses called on the plaintiff's behalf. My conclusion on this point is that the agreement was for an equal sharing of the net profits, and that both the plaintiff and Martin were to use their best efforts toward obtaining a satisfactory lease, procuring the erection of a suitable building on the premises, and, in the final form the agreement took, that each was to get one-half of the $25,000 required as security for obtaining the lease. The evidence satisfies me also that the plaintiff substantially performed the contract on his part. He found, or assisted in finding, the property finally secured. He participated in the negotiations leading to the formulation of the terms of the lease. Together with Martin he employed an attorney to advise them in the matter, and to incorporate the company, which it was intended at that time should hold the property on behalf of the two. He shared equally with Martin the expenses of such incorporation, three of the incorporators of which were relatives and friends of Martin and the other two of the plaintiff. He procured the preparation of the plans for the contemplated building; and, finally, he procured and produced at least half of the $25,000 security required. On behalf of the defendant Martin it is argued that the statute of frauds is a bar to the plaintiff in this case; but this argument is not well grounded for two reasons: First, because a writing is not necessary to the validity and enforceability of a copartnership agreement to engage in real estate enterprises. Chester v. Dickerson, 54 N. Y. 1, 13 Am. Rep. 550; Fairchild v. Fairchild, 64 N. Y. 471; Traphagen v. Burt, 67 N. Y. 30; Bissell v. Harrington, 18 Hun, 81; Bailey v. Weed, 36 App. Div. 611, 55 N. Y. Supp. 253; Burkardt v. Walsh, 49 N. Y. 634, 64 N. Y. Supp. 779; King v. Barnes, 109 N. Y. 267, 16 N. E. 332; Greenwood v. Marvin, 111 N. Y. 423, 19 N. E. 228. Fur-

thermore, there has been a part performance by the plaintiff, which would be sufficient to take the case out of the statute if it were otherwise applicable (Traphagen v. Burt, 67 N. Y. 30), especially as the performance on the plaintiff's part was of such a character that the amount of his damage would be difficult or impossible of proof and, consequently, his remedy at law would be inadequate (Rosen v. Rose, 13 Misc. Rep. 565, 34 N. Y. Supp. 467; Miller v. Ball, 64 N. Y. 286; Canda v. Totten, 157 N. Y. 281, 51 N. E. 989). As against the defendant Martin, therefore, the plaintiff is entitled to an accounting and to his share of the profits. As against the defendant Weed and the defendant the Fleischman Realty & Construction Company, however, a quite different aspect of the case is presented. It is not proved that either of these defendants had any notice, prior to the execution of the agreement above referred to, that the plaintiff had any interest in the matters involved. Such notice, even constructive, was not received by them until the filing of the lis pendens a few days after the last agreements were entered into. At the time of such notice, however, they had become irretrievably bound to each other and to the landlord, who is not a party to this action, by a chain or circle of agreements, the considerations of which so act and react that the whole series is interlocked practically as a single transaction. The landlord has the bond of the Fleischman Realty & Construction Company, and can compel it to erect the building agreed upon or claim the forfeit of $25,000. The Fleischman Company, on the other hand, relied upon the underwriting agreement of the defendant Weed, which would result in producing the $75,000 which would grow due to that company for the erection of the building. Under these circumstances it is obvious that there is no applicability of the authorities cited on behalf of the plaintiff (Ackerman v. Hunsicker, 85 N. Y. 43, 39 Am. Rep. 621; Scheurer v. Brown, 67 App. Div. 567, 572, 73 N. Y. Supp. 877) to the effect that the lien of a mortgage to secure voluntary future advances will be postponed as to such advances as are made after knowledge of the existence of a subsequent mortgage in favor of the holder of the latter. The future advances in this case—that is to say, the further work done by the construction company on the building—are not voluntary, but, on the contrary, are obligatory not only under the contract with Martin and Weed, but also, which is even more important, under its indemnity agreement with the landlord. If it fails to complete the erection of the building, the undertaking in the amount of $25,000 given to the landlord will be forfeited. Where the future advances are not optional, the priority of the lien of the first incumbrancer is not lost. Hyman v. Hauff, 138 N. Y. 48, 55, 33 N. E. 735. In that case it was said: "Where the obligation to advance exists, or where the right to decline depends upon facts dehors the instrument, and which may be the subject of dispute or contention, the holder of the first security is warranted in making the advances in reliance upon his mortgage." It does not follow, however, that either the Fleischman Realty & Construction

Company or Weed would be warranted in paying over to Martin, after knowledge of the plaintiff's claim, any of the profits resulting to the latter from the enterprise. I can foresee that so many questions may arise as to the provisions of the decision to be entered herein that it will be better not to attempt at this time to determine in detail what such provisions should be, but to leave such questions for argument upon the settlement of the decision, of which settlement let five days' notice be given.