(117 App. Div. 756)

### POUNDS v. EGBERT et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1907.)

1. FRAUDS, STATUTE OF—AGREEMENT AS TO REAL ESTATE.

Where plaintiff entered into a partnership with defendant to purchase, develop, and sell land, and then, or after title thereto had been taken by defendant, who paid the part of the purchase price not secured by mortgage, defendant agreed to deed a half interest to plaintiff, on his paying to defendant enough to make them equal contributors, such agreement to convey is within the statute of frauds.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, § 139.]

2. SAME—PART PERFORMANCE.

Defendant's agreement to convey an interest in land on plaintiff's making a payment, is not taken out of the statute of frauds by plaintiff paying the money, or by both parties buying other land in the neighborhood for the purpose of enhancing the value of that covered by the agreement or by plaintiff performing services in respect to the land, at defendant's request, without having possession.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, §§ 301–326.]

Appeal from Special Term.

Action by Lewis H. Pounds against George W. Egbert and another. From an interlocutory judgment for plaintiff, entered on a decision after a trial of the issues, defendants appeal. Reversed, and new trial granted.

Argued before JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Martin W. Littleton (Frederick Allis, on the brief), for appellants.
Edward M. Bassett (W. W. Thompson, on the brief), for respondent.

MILLER, J. This case is not free from difficulty, because of inconsistencies between the two theories upon which the plaintiff seeks to sustain the judgment. The plaintiff alleges that he entered into copartnership with the defendant George W. Egbert, for the purpose of purchasing, developing, and selling an unimproved tract of land referred to in the record as the "Ditmas tract;" that the purchase price, in excess of the amount raised by mortgage, was contributed by said defendant, and the title was taken in the name of the defendant Virginia L. Egbert pursuant to an agreement between the plaintiff and said George W. Egbert to the effect that, when the plaintiff had paid him a sufficient sum to make them equal contributors to the purchase price and carrying charges, he would deliver or cause to be delivered to the plaintiff a deed of an undivided half of said premises. It is claimed by the plaintiff that said agreement to convey was subsequent and collateral to the agreement creating the partnership. Prior to said alleged copartnership, the plaintiff and one Decker had made a contract to purchase said tract for the sum of $40,000, and either because they were not able to complete the purchase, or because said Decker was then preparing to withdraw from the copartnership then existing between them, an arrangement was made with said defendant, and, passing for the moment what the agreement was, it appears without dispute that said defendant advanced the sum of $7,500 and obtained the rest of the purchase price by borrowing $32,500 upon a bond executed

by the plaintiff, said defendant and said Decker, secured by a mortgage executed by said Decker and wife, to whom the property was first conveyed. Said defendant also conveyed to the plaintiff and said Decker, or to some person for their benefit, premises in which he had an equity of redemption then valued at $4,000, and thereupon said Ditmas tract was conveyed to the defendant Virginia L. Egbert. The defendant claims that he merely gave the plaintiff and said Decker a bonus of $4,000 for their contract. The plaintiff claims that, at the request of said defendant, he took charge of the premises, leased them to the then occupant for $60 per year, collected the first year's rent and paid out the sum of $538.40 for filling and grading. Shortly after said conveyance the plaintiff's partnership with said Decker ended, and a corporation was organized, styled the "Manor Realty Company," whose stock except enough to qualify directors was owned by the plaintiff and one Lamberton, who had theretofore supplied the capital for the plaintiff's business. Said corporation succeeded to said business, and from time to time advanced money to said defendant and received payments from him up to August, 1904, when its books showed a balance in its favor of $6,738.80. The plaintiff claims that he caused these moneys to be advanced as and for his contribution to the capital of the co-partnership. The defendant claims that the money was loaned to him. The plaintiff also claims that he and said defendant each made individual purchases of parcels of land in the vicinity of said tract, not on the partnership account, but in reality for the purpose of benefiting the partnership property by enabling them to control the character of the houses erected in the neighborhood.

The complaint prayed for an accounting, and for a decree directing the conveyance to the plaintiff of an undivided half of said premises, which is the relief granted by the judgment appealed from. The defendant Virginia L. Egbert admits that she is a trustee for the true owner, so we need have no difficulty on that head, but may consider the case as though the title stood in the name of the defendant George W. Egbert, and any reference made herein to the defendant will be understood to refer to him. The agreements between the plaintiff and defendant, whatever they were, were not in writing, and the defendant invokes the statute of frauds. It is unnecessary now to discuss the proposition that a partnership, for the purpose of dealing in real estate, may be created by an oral agreement (Chester v. Dickerson, 54 N. Y. 1, 13 Am. Rep. 550; Traphagen v. Burt, 67 N. Y. 30; Fairchild v. Fairchild, 64 N. Y. 471; King v. Barnes, 109 N. Y. 267, 16 N. E. 332; Bailey v. Weed, 36 App. Div. 611, 55 N. Y. Supp. 253; Burkhardt v. Walsh, 49 App. Div. 634, 64 N. Y. Supp. 779); but a partnership agreement not within the statute of frauds, because by it no estate or interest in lands is created, granted, or assigned, must not be confused with such an agreement which does involve the creation, granting, or assigning of such an estate or interest. The individual partners do not own an estate in the partnership real property. Irrespective of where the title happens to be, such property, until the needs of the co-partnership are satisfied, is treated as personal property. An agreement to form a copartnership to deal in lands does not, therefore, involve any element violative of the statute of frauds; but if such agreement also

provides for a conveyance of real property from one partner to another, or to the copartnership, it then provides for the creation of an estate or interest in lands, and comes directly within the statute of frauds. The ground upon which partnership agreements to deal in land have been sustained, as well as the plain words of the statute, requires the conclusion that the mere fact that an agreement happens to provide for a copartnership will not save it from the statute of frauds, if it also attempts to create, grant, or assign an estate or interest in lands. The judgment appealed from does not adjudge that the premises in dispute are partnership property. On the contrary, it decrees specific performance of an agreement to convey land, and, as incidental to that relief, directs an accounting to ascertain the contributions of each. Whether the agreement to convey an undivided half interest in the property to the plaintiff was a part of the alleged copartnership agreement (and the two are inconsistent), or was subsequent and collateral thereto, as claimed by the plaintiff, it must bear the test applicable to agreements for the sale of land, or the judgment in its present form cannot be sustained.

The plaintiff claims that there has been such part performance by him as will enable equity to decree specific performance under the head of fraud. After carefully examining all of the cases cited by the respondent, and many others, I am unable to find any ground supported by authority for the exercise of such jurisdiction in this case. In the case of Traphagen v. Burt, supra, one partner without the knowledge of the other, and in violation of his agreement took title in his own name; subsequently the parties adjusted their differences by an agreement which the judgment carried out. In addition to the fact that the court found in that case that the plaintiff had been induced to put himself in a situation which would have enabled the defendant to perpetrate a fraud on him if the agreement was not carried out, there was also a clear case of resulting trust. The case of Sanger v. French, 157 N. Y. 213, 51 N. E. 979, did not deal at all with an agreement to convey land. In none of the other cases cited by the respondent was the question of the specific performance of an oral agreement to convey land involved. The principles applicable to such a case were stated by Judge Earl in Miller v. Ball, 64 N. Y. 286, and Wheeler v. Reynolds, 66 N. Y. 227, to wit, that equity grants relief under the head of fraud, and that the acts of part performance should be so clear, certain, and definite in their object and design as to refer exclusively to a complete and perfect agreement of which they are a part execution.

The purchase of the neighboring property by the plaintiff, individually, was in no sense an act of part performance. It was an independent transaction. The court found that the plaintiff took charge of the premises and performed work, labor, and services in the care, management, and improvement thereof; but for the services rendered and money expended at the request of the defendant he has a perfect remedy at law. Manifestly the plaintiff did not have possession of the property, because the defendant sold lots, borrowed money on mortgage, and built houses on the property, apparently with little reference to the plaintiff. While the parties appear to have treated the plaintiff and the Manor Realty Company as identical, upon the present state of the proof, said

company could maintain an action against the defendant to recover the balance in its favor as shown by its books; but, even if these advances. are treated as part payments made by the. plaintiff, he is in no better position, because it is settled that a payment of the consideration, even in full, is not of itself sufficient to justify a court of equity in decreeing specific performance (Cooley v. Lobdell, 153 N. Y. 596, 47 N. E. 783); nor is the rendition of services (Russell v. Priggs, 165 N. Y. 500, 59 N. E. 303, 53 L. R. A. 556). In Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696, the plaintiffs expressly agreed not to find any one but the defendant to bid in the premises for them. This agreement they kept, whereby the defendant obtained the property for a nominal sum, and, of course, the plaintiffs in part performance of their agreement had put themselves in a situation from which equity alone could relieve them, and but for which relief the defendant would have been able to perpetrate a gross fraud. In Canda v. Totten, 157 N. Y. 281, 51 N. E. 989, the plaintiff not only had paid the purchase price, but had made repairs, paid taxes, insurance and interest on mortgages upon the premises, upon the faith of the agreement, and could not recover for all of said matters in an action at law. In the case at bar the plaintiff has done nothing, clearly referable to the contract, for which he cannot be fully compensated in an action at law, and the cases of Wheeler v. Reynolds, Cooley v. Lobdell and Russell v. Briggs, supra, are controlling authority in support of the proposition that in such case equity cannot relieve him from the consequences of his failure to observe the statute. If a valid partnership agreement was made, as the plaintiff contends, equity will protect his rights under it, but it cannot under that head decree specific performance of a void contract to convey lands. The court found that a partnership was formed, and before considering the relief to which that finding may entitle the plaintiff, we must examine the evidence upon which it is based, having in mind that the judgment is based on an agreement inconsistent with such relation.

The plaintiff testified:

"I talked with him in regard to the price, [meaning the defendant] and with regard to his becoming a partner with me in the purchase of that tract of land. * * * I said. I would like to have him purchase the tract with me, and he said he would do so."

With respect to the subsequent agreement to convey a half interest in the property, he testified:

"Q. And after you had established an equality with him as to contributions, what did he say he would do, or see done? A. He would convey to me, or have conveyed to me, a half interest in the property."

In order to determine whether a partnership existed, it is quite essential to know the terms of the agreement, and yet all the defendant agreed to do, according to the plaintiff, was to purchase the tract with him, and to convey a half interest in the property when he had established an equality as to contributions. The learned counsel for the plaintiff says in his brief that the plaintiff testified to the "conclusion of fact" that a copartnership was formed, and would have testified to the terms of the agreement if asked; but calling men partners does not make them such, and I have scanned the record in vain to find that the plaintiff testified to any such conclusion.

The only suggestion of a partnership is the statement of the plaintiff that he talked with the defendant about becoming a partner, but this is followed by a statement of a specific agreement tending to indicate an understanding that the parties were to be tenants in common. I do not go so far as to say that there is no evidence whatever to sustain a finding of a partnership; but, in view of the meager evidence on this point, and of the fact that the judgment rendered is inconsistent with a partnership, and of the further fact that we sit as a court of review, I think it better to grant a new trial than to attempt a modification of the judgment.

Interlocutory judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.