## ROBINSON v. HORNER.

[No. 21,904.   Filed June 28, 1911.]

1. PARTNERSHIP.—*Sales of Real Estate.—Contracts.*—An agreement between plaintiff and defendant by which they were to purchase land on certain conditions, the defendant paying the larger sum and taking title, but upon a sale thereof each party was to be repaid the amount advanced by him and to share equally in the profits, constitutes them partners in the transaction.  p. 231.

2. CONTRACTS.—*Sales of Real Estate.—Statute of Frauds.—Partnership.*—A contract between partners for the purchase and sale of real estate for profit is not governed by the statute of frauds. p. 232.

3. PARTNERSHIP.—*Contracts.—Sales of Real Estate.*—A partnership for the purchase and sale of real estate may be created by a parol, or by a written contract.  p. 232.

4. CONTRACTS.—*Written.—Oral Modification.—Sales of Real Estate.—Partnership.*—A written contract of partnership for the purchase and sale of real estate, upon a sufficient consideration, may be modified by a parol agreement extending the time of expiration of such contract, or varying any other terms thereof. p. 233.

5. ESTOPPEL.—*Contracts.— Consideration.— Parol Modifications.*—Defendant's conduct in recognizing and acting in accordance with an oral modification of a partnership agreement estops him from questioning the sufficiency of the consideration for such modification or from asserting that such contract is void for uncertainty.  p. 234.

6. PARTNERSHIP.—*Accounting.—Equity.*—A suit by a partner to recover the profits due to him from his partner in a transaction is in the nature of an equitable suit for an accounting; and a complaint showing that something is due to him is sufficient on demurrer.  p. 234.

From Superior Court of Tippecanoe County; *I. E. Schoonover*, Special Judge.

Suit by Alfred C. Robinson against Cornelius M. Horner. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.  *Reversed.*

*Robert C. Pollard, Charles R. Pollard* and *C. E. Thompson*, for appellant.

*Edwin P. Hammond, William V. Stuart* and *Dan W. Simms,* for appellee.

JORDAN, C. J.—This action was commenced by appellant against appellee in the White Circuit Court upon a complaint in three paragraphs. The venue was changed to the Superior Court of Tippecanoe County. The plaintiff withdrew the first paragraph of his complaint. A demurrer for want of facts was sustained to each of the remaining two paragraphs. By leave of court the plaintiff filed what is termed a second amended third paragraph of complaint. A demurrer for want of facts was also sustained to this paragraph. Thereupon appellant refused to plead further, and elected to stand upon the second paragraph and the second amended third paragraph of his complaint. Judgment was rendered against him on demurrer. From this judgment he appeals, and assigns as errors the separate rulings of the court in sustaining the demurrer to the second paragraph of the complaint, and in sustaining the demurrer to the second amended third paragraph of complaint.

By the second paragraph of the complaint the plaintiff alleged that he and the defendant, on August 7, 1895, entered into a written agreement for the purchase of a certain tract of land in Jasper county, Indiana; that by the terms of said agreement plaintiff and defendant were each to pay a certain part of the purchase money of said real estate, and the title of said land was to be taken in the name of defendant; that the latter was to sell said land, and pay to plaintiff the amount of the purchase money that he had invested in the land, and also pay to him half the profits arising out of the sale of the land. A copy of the written agreement upon which the complaint is based was filed with the complaint and made a.part thereof, and is as follows:

"Memorandum of agreement, entered into this 7th day of August, 1895, between Cornelius M. Horner, party of the first part, and Alfred C. Robinson, party of

the second part, both of the town of Monon, White county, Indiana, witnesseth: That the parties hereto have this day entered into a partnership limited to ninety days, for the purchase of the following described real estate, to wit: [here the real estate is described and set out, being a total of 570 acres situated in Jasper county, Indiana] which is this day purchased from the heirs at law of Zachariah Miller through William M. Miller, one of the heirs, and from William M. Miller, attorney in fact for the other six Miller heirs, $500 of the consideration has been paid by said party of the second part, and $8,620 has been and is to be paid by said party of the first part, and the title to said land has been placed in said party of the first part, Cornelius M. Horner. And it is agreed, first, that said party of the first part is to take charge of said farm, and is to receive and collect all of the rents for the crops growing on said farm, during the cropping season of 1895, that is, said rents and profits are to be collected by said party of the second part, and turned over to said party of the first part as rapidly as collected, and he is to keep and retain possession of said proceeds until the sale of said lands, providing they are sold within ninety days from this date, and when said lands are sold, if sold within ninety days, then the money arising from the rents and profits, and the sale of said land is to be divided as follows: Said party of the first part is to be paid the amount he has in said land, $8,620 if he has paid out said amount (there being a small claim against said land for ditch assessments, amounting to $39.92 which it may not be practicable for these parties to pay), and said party of the second part will be entitled to receive his $500 that he has in said land, and the balance of the money received for the land over and above the amount, put in by said parties hereto, is to be equally divided and shall be regarded as profits, that is, all the money received for said land over and above $9,120, and all the money collected for rents shall be regarded as profits in this enterprise, and shall be equally divided between the parties to this contract, but in the event that said land is not sold within ninety days during the existence of this contract, then the said party of the first part is to have everything, and the said party of the second part is to forfeit his $500 that he has now invested in this land. It is further agreed and understood between the parties to this contract, that the taxes of 1895, which

are a lien on said land, are to be paid by the party of
the second part, in the event that they cannot be shoved
off onto the party to whom said land is to be sold, if
sold within ninety days, otherwise said party of the
second part is to pay said taxes at any time required by
the statute without any penalty or interest attaching.
In witness whereof, the parties hereto have this day
signed their names to this contract in duplicate.    *    *    *

C. M. Horner,
A. C. Robinson.''

August 7, 1895.

The paragraph further alleges that in pursuance of said
agreement the land was purchased on said date and the deed
was taken in the name of said Cornelius M. Horner; that
plaintiff paid $500 of the consideration and defendant paid
$8,620, and plaintiff and defendant were put in possession
of said land. It is further alleged that after the making
of said written contract and the purchase of the land, and
before the expiration of the ninety days as stipulated in
said contract, by reason of the facts that the land was run
down and the fences and buildings thereon were in such a
condition as not to make said land merchantable property,
and that it could not be put into a merchantable condition
within a period of ninety days, defendant and plaintiff
orally agreed that the time limit of ninety days should be
extended, and that the price at which it was agreed said land
should be sold should be changed from $20 an acre to $25
an acre, and that plaintiff and defendant should continue
as partners under said written agreement until such time as
the land could be placed in repair and made merchantable
property, and that the land should be held until $25 an acre
could be obtained therefor; that in consideration thereof
defendant Horner agreed to waive his right to forfeit the
$500, as provided by the written agreement, in the event the
land was not sold within the period of ninety days, as stipu-
lated under the written agreement; that plaintiff took pos-
session of the land as agent for both; that the first year he
collected the rents and accounted therefor to Horner; that

after the first year Horner took possession of the land and collected the rents, each party endeavoring to sell the land, until about September 1, 1899, at which time defendant sold the land for $21,375, and received the money, but refused to pay to plaintiff half the profits thereof and the consideration due; that plaintiff has demanded payment, and defendant has refused to make it; that half the profits of said sale and the $500 paid by plaintiff, amounting to $7,000, are due to him, with interest thereon from September 1, 1899.

It is further alleged that defendant has received from the rents and profits of said land $1,000, half of which sum belongs to plaintiff. Wherefore, it is alleged that there is due to the plaintiff the sum of $7,500, with interest thereon from September 1, 1899, in all the sum of $10,000, all of which is due and unpaid, and for which the plaintiff demands judgment for the sum of $10,000 and for all other proper relief.

In the second amended third paragraph of the complaint it is alleged that on August 7, 1895, plaintiff and defendant entered into a written agreement of a limited partnership for the purpose of purchasing certain real estate situated in Jasper county, Indiana; that by the terms of said agreement plaintiff and defendant were each to pay a portion of the purchase money, and the title was to be taken in the name of the defendant; that he and plaintiff were to sell the land, out of which plaintiff was to have the purchase money by him invested, and defendant was to receive the amount paid by him in the purchase of said real estate, and after the payment of incidental expenses each party was to receive half the profits derived from said real estate. The remainder of this paragraph is substantially the same as the second. A copy of the agreement filed with and made a part of the third amended paragraph is the same as that filed with and set out in the second paragraph of the complaint.

Counsel for appellee contend that neither the second paragraph of the complaint nor the second amended third paragraph of complaint states a cause of action, for the following reasons: (1) The contract set-forth in each paragraph is for the sale of lands, and to be enforceable it must have been in writing, as required by the statute of frauds; (2) since the original contract must have been in writing, any modification thereof must also have been in writing; (3) since the contract rests partly in writing and partly in parol, it must be treated as a parol contract; (4) the alleged parol modification of the original contract is void for uncertainty.

The first point advanced by appellee evidently is not well taken, for the reason that each paragraph in question discloses that the parties to this action entered into a 1. written agreement constituting a partnership between them, to continue for the period of ninety days for the purchase and sale for speculation of certain described lands. As shown, a copy of this written agreement bearing date of August 7, 1895, is filed with and made a part of each paragraph. This agreement, after describing the 570 acres of land situated in Jasper county, Indiana, recites that this land "is this day purchased from the heirs at law of Zachariah Miller," and that "$500 of the consideration has been paid by said party of the second part [appellant], and $8,620 has been and is to be paid by said party of the first part, and the title to said land has been placed in said party of the first part, Cornelius M. Horner [appellee]." The agreement then proceeds to stipulate in respect to the manner in which the parties shall deal with the land, in the collection of the rents and the distribution of profits, until the sale of the land, which, as stipulated, is to be made within ninety days. The agreement contains provision for a settlement between the parties after the sale of the land has been made. Out of the proceeds of such sale each party is to receive the amount of money that he paid for the purchase of the land, and the remainder of the proceeds, together with

the rents and profits collected, is to be regarded as profits, to be equally divided between the parties. The written agreement contains a provision that in the event the land is not sold during the period of ninety days—the existence of the contract—the party of the second part shall forfeit the $500 paid by him.

The effect of this agreement was to constitute appellant and appellees partners in the purchase and sale of the land.

2. Under the agreement each was to share equally in the net profits arising out of the particular transaction.

The agreement did not contemplate a purchase of land from one party by the other nor the transfer of any land by one party to the other. Under the agreement neither was the vendor nor the vendee of the other in respect to said land. If the agreement entered into by them to become partners to buy and sell the land as a matter of speculation had been wholly in parol, it would not, as authorities affirm, have been affected by the provision of our statute of frauds that requires a contract for the sale of lands to be in writing.

That persons may form a partnership for the purchase and sale of real estate in like manner as they may when dealing in personal property, is a well-settled rule.

3. Such a partnership may be constituted either for purchasing and selling lands generally or it may be formed and limited to a single deal or transaction in real estate. It is true, there is some conflict in the authorities as to whether such a partnership may be formed under a parol agreement; but that such agreement will not be affected by the statute of frauds is well settled by the great weight of authorities. See *Holmes* v. *McCray* (1875), 51 Ind. 358, 19 Am. Rep. 735, and authorities there cited; *Bates* v. *Babcock* (1892), 95 Cal. 479, 30 Pac. 605, 16 L. R. A. 745, 29 Am. St. 133, and authorities cited; *Jones* v. *Davies* (1899), 60 Kan. 309, 56 Pac. 484, 72 Am. St. 354; *Rice* v. *Parrott* (1906), 76 Neb. 501, 107 N. W. 840, 111 N. W. 583; *Larkin* v. *Martin* (1905), 46 Misc. 179, 93 N. Y. Supp. 198;

*Chester* v. *Dickerson* (1873), 54 N. Y. 1, 13 Am. Rep. 550;
*King* v. *Barnes* (1888), 109 N. Y. 267, 16 N. E. 332; *Green-
wood* v. *Marvin* (1888), 111 N. Y. 423, 19 N. E. 228;
*Meagher* v. *Reed* (1890), 14 Colo. 335, 24 Pac. 681, 9 L.
R. A. 455; *Flower* v. *Barnekoff* (1890), 20 Or. 132, 25 Pac.
370, 11 L. R. A. 149; *Richards* v. *Grinnell* (1884), 63 Iowa
44, 18 N. W. 668, 50 Am. Rep. 727; *Treat* v. *Hiles* (1887),
68 Wis. 344, 32 N. W. 517, 60 Am. Rep. 858; *Morrill* v. *Cole-
hour* (1876), 82 Ill. 618; *Newell* v. *Cochran* (1889), 41 Minn.
374, 43 N. W. 84; *Black* v. *Black* (1854), 15 Ga. 445; *Wel-
land* v. *Huber* (1874), 8 Nev. 203; *Hunter* v. *Whitehead*
(1868), 42 Mo. 524.

What we have said upon the question, that a valid and en-
forceable contract forming a partnership for the purchase
and sale of lands may be created by parol, is in an-
swer to the contention of appellee, that the oral
modification of the original agreement, as pleaded and
set forth in the paragraphs in question, should have been in
writing, for the reason that the original agreement forming
the partnership was required to be in writing, and could
not be modified or changed by a subsequent oral agreement.
It is disclosed by each paragraph of the complaint that said
real estate was not in a merchantable condition, and it could
not be placed in such a condition within the short period
of ninety days; that if sold within that time it would result
in a loss and sacrifice; that in order to prevent this it be-
came necessary to extend the limit of the partnership, and,
consequently, the parties made an oral agreement, whereby
they changed the original written agreement. That they
had a right, upon sufficient consideration, to change the writ-
ten agreement by a subsequent one orally made, is well
settled by the authorities. *Billingsley* v. *Stratton* (1858), 11
Ind. 396; *Toledo, etc., R. Co.* v. *Levy* (1891), 127 Ind. 168,
and authorities cited; *Hastings* v. *Lovejoy* (1885), 140 Mass.
261, 2 N. E. 776, 54 Am. Rep. 462. In the latter case the
court said: "It is also now well settled, that ordinarily a

written contract, before breach, may be varied by a subsequent oral agreement, made on a sufficient consideration, as to the terms of it which are to be observed in the future. Such a subsequent oral agreement may enlarge the time of performance, or may vary any other terms of the contract, or may waive and discharge it altogether.''

In the ''Points and Authorities'' set forth in appellee's brief, no point is made that there was not an adequate consideration for the oral contract made by the parties modifying and changing the written agreement, hence, we give no opinion on that question. Appellee is shown by the pleading to have acted under the oral modification of the original contract, and to have held the real estate until he was enabled to sell it for the cash sum of $21,375, being $37.50 an acre. Therefore, when he is called to account by appellant, his partner, he is not in a position to contend that the oral modification of the original contract is void for uncertainty. The character of this action, and the theory on which the complaint proceeds, is a suit in equity by one partner to compel his copartner to account. We think that each paragraph to which a demurrer was sustained is sufficient in facts to put appellee upon his answer, and that the court therefore erred in sustaining the demurrer thereto.

Judgment reversed and cause remanded to the lower court.

Myers, J., did not participate in this decision.