## ROBINSON v. HORNER.

[No. 8,944. Filed June 22, 1916.]

1. APPEAL.—*Briefs.*—*Questions Presented.*—Where appellant's brief fails to comply with Rule 22, clause 5, of the Supreme and Appellate Courts requiring "a concise statement of so much of the record as presents every error and exception relied on", but does set out the motion for a new trial, containing the grounds assigned therefor, and under the "Points and Authorities" the brief states several abstract propositions of law without attempting to apply them, as the rule of the court provides, to any particular ruling of the trial court, except to state that the decision of the court is not sustained by sufficient evidence, the sufficiency of the evidence is the only question presented for consideration. p. 458.

2. APPEAL.—*Review.*—*Questions of Fact.*—*Conflicting Evidence.*—While §698 Burns 1914, Acts 1903 p. 341, requires the Supreme

and Appellate Courts to consider and weigh the evidence, if required by the assignment of errors, yet, where the evidence is in part oral and there is a conflict therein, it will not be weighed by the reviewing court.   p. 459.

From Tippecanoe Superior Court; *Isaac B. Schoonover*, Special Judge.

Action by Alfred C. Robinson against Cornelius M. Horner. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*C. Robert Pollard, Charles R. Pollard, Charles E. Thompson* and *Charles V. McAdams,* for appellant.

*Stuart, Hammond & Sims* and *Emory B. Sellers,* for appellee.

McNUTT, J.—This is a second appeal of this case. The action was begun in the White Circuit Court in the September term, 1904, and the venue changed to the court below. Appellant withdrew his first paragraph of complaint, and a demurrer was sustained to each of the remaining two paragraphs. By leave of court, the plaintiff filed what is termed a second amended third paragraph of complaint, to which a demurrer was sustained. Thereupon appellant refused to plead further, and elected to stand upon the second paragraph and the second amended third paragraph of his complaint. Judgment was rendered against appellant from which he appealed to this court. The cause was transferred to the Supreme Court, which held that the lower court erred in sustaining the demurrer to each of said paragraphs, holding that each of said paragraphs stated a cause of action against appellee, the court saying: "The character of this action and the theory upon which the complaint proceeds is a suit in equity by one partner to compel his co-partner to account. We think that each of the paragraphs to which a demurrer was sus-

tained was sufficient in facts to put appellee upon his answer, and that the court therefore erred in sustaining a demurrer thereto." *Robinson* v. *Horner* (1911), 176 Ind. 226, 234, 95 N. E. 561.

To this complaint appellee filed an answer in two paragraphs: (1) A general denial; (2) an answer of settlement of the affairs of the partnership, and a payment by appellee to appellant of the full amount of plaintiff's interest in said partnership business before the bringing of this action. The issues were closed by a reply by appellant to the second paragraph of answer in general denial.

Appellant assigns in this court two errors, one of which is the overruling of his motion for a new trial. Appellant has no heading of, "A concise statement of so much of the record as presents every error and exception relied on," in his brief, as provided by clause 5, Rule 22, of this court, but he does set out his motion for a new trial, which contains separate grounds or reasons therefor. In that part of his brief under "Points and Authorities", appellant states seven abstract legal propositions, which may have some application to one or more of the rulings assigned as error, and intended to be relied on for a reversal; but no attempt is made to apply any particular one of the many assigned, as a cause for a new trial, except possibly "that the decision of the court is not sustained by sufficient evidence." "Mere abstract statements of law or fact, or both, unless applied specifically to some particular ruling or action of the court, although contained in appellant's statement of points, present no question." *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 627, 103 N. E. 652; *Leach* v. *State* (1911), 177 Ind. 234, 97 N. E. 792; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 78 N. E. 1033; *Inland Steel Co.* v. *Smith*

(1906), 168 Ind. 245, 80 N. E. 538; *Weidenhamer* v. *State* (1913), 181 Ind. 349, 103 N. E. 413, 104 N. E. 577, and cases there cited; *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218, and authorities cited. Under said authorities, we must hold that the only question presented by appellant's brief is the one challenging the sufficiency of the evidence to support the decision of the trial court.

Appellee has filed a motion to dismiss this appeal because of the failure of appellant to comply with the first and fifth clauses of Rule 22 of the rules of this court in the preparation of his brief: First, in failing to state the nature of the action; and, second, in failing to refer in his points and authorities to a point or question arising in this case. This motion was filed on August 8, 1914. Action on the motion was by this court postponed until final hearing. Appellant has taken no steps to file a brief presenting other questions involved in his assignment of errors. We are of the opinion that appellant has, in substance, stated the nature of the action in his brief, but as heretofore stated, has made only one point, which he assigns in support of his motion for a new trial, namely, that the decision of the court is not sustained by sufficient evidence.

Appellant earnestly insists that it becomes the duty of this court to weigh the evidence introduced in this case as provided by the Acts of 1903

2. (Acts 1903 p. 341, §698 Burns 1914) which reads: "In all cases not now or hereafter triable by a jury, the supreme and appellate courts shall, if required by the assignment of errors, carefully consider and weigh the evidence and admissions heard on the trial when the same is made to appear by a bill of exceptions setting forth all the evidence given in the cause, and if on such appeal it appears from all the evidence and admissions

that the judgment appealed from is not fairly supported by, or is clearly against. the weight of the evidence, it shall be the duty of the court to award judgment according to the clear weight of the evidence, and affirm the judgment or return said cause to the trial court with instructions to modify the judgment or to grant a new trial; or to enter such other judgment or decree as to such court of. appeal may seem right and proper upon the whole case." This case comes within the provisions of said section of the statute. There are many decisions of the Supreme Court construing said section, and it has been decided that where the evidence is in part oral, and there is a conflict in such evidence, this court will not weigh the evidence. *Parkison* v. *Thompson* (1904), 164 Ind. 609, 73 N. E. 109, 3 Ann. Cas. 677; *Hudelson* v. *Hudelson* (1905), 164 Ind. 694, 74 N. E. 504; *Berkey, Gdn.* v. *Rensberger* (1911), 49 Ind. App. 226, 96 N. E. 32. A considerable part of the evidence upon which the decision of the trial court in this case was based was oral, and under said authorities we cannot weigh the evidence. It follows that the judgment must be affirmed

Judgment affirmed.

Note.—Reported in 113 N. E. 10.