CHARLES E. WENTZEL, Appellant, v. GEORGE L. HUBBELL and Others, Constituting the Board of Managers of Meadowbrook Hospital, and Others, Respondents.—Appeal from order denying motion for an injunction *pendente lite* restraining the award of a contract for X-ray equipment to other than the lowest bidder. Order affirmed, with ten dollars costs and disbursements. (See *Matter of Standard X-Ray Co.* v. *Hubbell* [*ante*, p. 751], decided herewith.) Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

FRIEDA WILDER, Respondent, v. ROGOW CONSTRUCTION CORPORATION and Others, Appellants, and CHEMICAL BANK AND TRUST COMPANY, Defendant.— Plaintiff sues for specific performance of an agreement and to impress a trust upon the proceeds of the sale of real property. It is alleged that plaintiff's assignor and defendants Silverman, Mendelson and Mendelson Silverman, Inc., entered into an agreement whereby the former was to acquire, by assignment, a second mortgage then under foreclosure, covering property owned by defendant Mendelson Silverman, Inc.; that the pending foreclosure proceedings were to be completed by the then holder of the second mortgage, for the benefit of plaintiff's assignor and said defendants; that the property was to be purchased by plaintiff's assignor at a price not exceeding the amount of the second mortgage, interest and the expenses of foreclosure; that thereafter a corporation was to be formed, to which the bid was to be assigned or the property so acquired by plaintiff's assignor was to be conveyed, and plaintiff's assignor was to receive one-half of the capital stock of the corporation and defendants Mendelson and Silverman were each to receive one-quarter of the capital stock. It is conceded the agreement was oral and it is not alleged plaintiff's assignor performed either in whole or in part. The agreement is not a joint venture or partnership in reference to the sale and ownership of lands, but provides for the creation of an estate or interest in real property and, therefore, not being in writing, violates the Statute of Frauds. (*Levy* v. *Brush*, 45 N. Y. 589; *Pounds* v. *Egbert*, 117 App. Div. 756.) Order denying motion to dismiss the complaint reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

ESTHER ZELTZER, Respondent, v. SAMUEL ZELTZER, Appellant.— Order granting plaintiff's motion for the appointment of a receiver in sequestration proceedings affirmed, without costs. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

EMILY VAN METER, as Administratrix, etc., of JOSEPH H. VAN METER, Deceased, Appellant, v. JOHN ADAMS, Defendant, and THE VILLAGE OF OCEAN BEACH, INC., Respondent.—Action by plaintiff, as administratrix, to recover damages resulting from the death of her intestate through the alleged negligence of the defendant The Village of Ocean Beach, Inc. Order setting aside a verdict in favor of the plaintiff and against defendant The Village of Ocean Beach, Inc., and dismissing the complaint as against said defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.

SOLOMON ADELMAN and GERTRUDE ADELMAN, Respondents, v. YORLER HOLDING CORPORATION, Appellant.— Motion for leave to appeal to Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.