414

## PIGG, ET AL. *v.* COOK

[No. 18,311. Filed December 11, 1952. Rehearing denied March 5, 1953. Transfer denied April 16, 1953.]

*Pigg & Tennis,* of Sullivan, and *Shake & Shake,* of Vincennes, for appellants.

*Walter F. Wood,* of Sullivan and *Kimmel & Kimmel,* of Vincennes, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action brought by the appellee to foreclose a real estate

mortgage. The complaint was filed on the last day within the applicable 20-year Statute of Limitations, and the issues were formed on the complaint of one paragraph to which four paragraphs of answer were filed, and the fourth paragraph of answer to which a demurrer was sustained, and the order sustaining the demurrer recited a stipulation by the parties that the appellee did not seek a personal or deficiency judgment.

The complaint set out the execution of the promissory note which was secured by the mortgage in question for the sum of $1,500; that the defendants had failed to pay the same and that the same was secured by a mortgage on Lot No. 19 in Murphy's Addition to the Town of Sullivan, Indiana. The complaint recited that the note and mortgage were given for a valid consideration and asked foreclosure of the same, and for all other proper relief. The paragraph of answer presented the main issue of payment. One of the main issues in this appeal arises by virtue of the contention that the appellants who were Anthony S. Pigg and wife, the said Pigg being a brother of the appellee, had executed a deed for his undivided one-third interest in Lot No. 19 in Murphy's Addition in satisfaction of the $1,500 note and mortgage in suit. There was also a cross-complaint to quiet title to the land described in the mortgage for which foreclosure was sought in the complaint. The answer to the cross-complaint was in the nature of a denial. The cause was submitted to the court without the intervention of a jury, and while the trial court had the case under advisement, the appellee, who was plaintiff below, filed a written request to reopen the trial to permit counsel to further cross-examine the defendants which was granted over the objections of the appellants. Thereafter, the court made a finding that there was due plaintiff from the defendants below on the

mortgage sued on the principal sum of $1,500 and the further sum of $2,701 as interest, making a total due of $4,201. It was adjudged and decreed that the mortgage be foreclosed and the equity of redemption of the defendants be sold to satisfy the amount found to be due.

The appellants, defendants below, filed a motion for a new trial and also their written request that the trial be reopened to permit them to introduce additional evidence. The appellee objected to this motion, and on November 28, 1951, the trial court denied appellants' request, but the court did, on its own motion, reopen the judgment, and found there was due the appellee from appellants on the mortgage sued on the principal sum of $800 and the further sum of $1,753 as interest, thereby, in effect, reducing the judgment from $4,201 to $2,553. The judgment followed the finding and decreed the foreclosure of the mortgage sued on. The court overruled appellants' motion for a new trial, and this appeal followed.

Appellants predicate error upon the action of the trial court in overruling appellants' motion for a new trial, the grounds of which motion were that the decision of the court is not sustained by sufficient evidence, is contrary to law, and that there was error in the amount of recovery, and that the amount was erroneous, being too large. Other assigned error which is not waived is that the court erred in overruling the request of defendants to reopen the judgment for the purpose of receiving additional evidence on behalf of defendants and in sustaining appellee's objections to the appellants' request to reopen the judgment.

From the record it appears that appellants' and appellee's grandmother, one Elizabeth Robbins, died, and a distribution of her estate was made among her grandchildren. Certain notes and mortgages were divided in

such distribution, and appellee received as a part of her share of said property a $1,500 note and mortgage executed by one John R. Pitcher and Nola Pitcher to Elizabeth Robbins. After appellee received the Pitcher mortgage, the appellant asked from her and secured from her the said Pitcher note and mortgage and put the same up as collateral for a loan from the Sullivan State Bank. Appellants executed an indemnifying mortgage to the appellee which provided that, if the mortgagors paid their loan to the bank and redelivered to the appellee the Pitcher note and mortgage put up as collateral security, then such indemnifying mortgage would be deemed fully paid and satisfied, otherwise to remain in full force and effect. The Pitcher note and mortgage were never redeemed from the bank and never delivered to the appellee, but were assigned to the bank by the appellant, Anthony S. Pigg. This mortgage was foreclosed and a Sheriff's Deed executed to the Sullivan State Bank to the property described in the Pitcher mortgage.

The loan of this Pitcher mortgage by the appellee, Mary E. Cook, to her brother, Anthony S. Cook, which mortgage was never returned to her, and which she lost as a result of such transaction to the bank, was the basis of the consideration for the note and mortgage in the instant case.

The interest on the indemnifying mortgage executed by Anthony S. Pigg and wife was the same as appellee, Mary E. Cook, would have received on the Pitcher mortgage, and the indemnifying mortgage was to stand in the place of such Pitcher mortgage, and the appellee did not secure additional profit by such loan transaction.

The appellant insists that the decision of the trial court is not sustained by sufficient evidence, and in support of this proposition, asserts that the court al-

lowed certain credits in its final judgment representing payments by the appellants to the father of appellee as the agent of appellee, but the appellant contends that the court failed to take into account certain evidence which appellants claim shows that such appellants executed a deed for their undivided ⅓ interest in certain real estate in satisfaction of the $1,500 note and mortgage in question, and that such deed was accepted in payment and satisfaction of such note and mortgage by appellee's agent, her father.

The evidence as to the acceptance of such deed in payment of such note and mortgage is sharply conflicting.

The appellee, Mary E. Cook, testified in substance that the deed in question was made for the purpose of settling an account with her brother, appellant Anthony S. Pigg, for rent which she claimed that he collected and for which he did not account to her. She testified that prior to the execution of the deed which appellants claim was to be in satisfaction of the note and mortgage that her brother had the rental of the property for eight years, and was collecting the rent, and when she complained because of the taxes and the fact that she had received no rental, she stated that her brother, Anthony S. Pigg, said to her: " 'I will just deed you my one-third interest and square that off,' so I had him to go ahead with it, told him to make the arrangements." The appellee further testified that she had never been paid any amount whatever on such note and mortgage.

While it is true that the appellants themselves testified that such deed was to be in payment and satisfaction of the note and mortgage, and the testimony of one Hurley Drake seems to corroborate in some measure the testimony of appellants in this regard, it was for the trier of the facts to resolve this

conflicting evidence, and the trial judge who heard the case accepted the testimony of appellee and rejected that of the appellants.

The appellants further assert in regard to the evidence that since this is an appeal from a judgment in an equity case, the responsibility resting on the Appellate Court is entirely different from that which is applicable to an appeal in law. They cite §2-3229 Burns' Stat., 1946 Replacement, and contend that by virtue of such statute, that it is the responsibility of this court to weigh the evidence and reverse this cause if the decision of the trial court is against the clear weight of the evidence.

However, in interpreting this statute, our courts have ruled that if a case is one of purely equitable cognizance and the evidence is entirely documentary, the statute may apply, but where there is oral testimony, as in the case at bar, the statute does not apply, and this court is not authorized to weigh conflicting evidence. *State Life Ins. Co.* v. *Cast* (1937), 214 Ind. 17, 13 N. E. 2d 705; *Ashman* v. *Studebaker* (1944), 115 Ind. App. 73, 56 N. E. 2d 674; *Robinson* v. *Horner* (1916), 62 Ind. App. 456, 113 N. E. 10; *Lowman* v. *Lowman* (1941), 109 Ind. App. 163, 33 N. E. 2d 780; *Teter* v. *Shultz* (1942), 110 Ind. App. 541, 39 N. E. 2d 802.

The appellants also assert that recovery is precluded in this case by reason of the fact, that the suit, having been filed one day short of the running of the 20-year Statute of Limitations, such lapse of time taken in connection with other facts and circumstances, creates a presumption of payment. However, the rule sought to be invoked by the appellants relying on *Garnier* v. *Renner* (1875), 51 Ind. 372, is that payment, like any other fact, may be proved by circumstantial, as well as direct, evidence, and it is true that delay

in asserting a claim after a debt is due for a considerable period of time, less than the period prescribed by law, may be circumstantial evidence of payment sufficient to warrant the court in inferring payment when considered with other circumstances. However, such failure to assert a right merely casts a suspicion on the existence of such right, and where countervailing evidence is given that is different, such delay in forcing the claim is not conclusive evidence of payment.

In the instant case, there is positive evidence of the appellee that payment had not been made on the note and mortgage, as well as an explanation of the family situation of the parties, and the reasons given by the appellee for her delay in asserting her rights for a long period, but for a period which did not exceed the Statute of Limitations. We do not believe the evidence leads inescapably to the conclusion that the answer of payment had been established.

Appellants also assert error in the overruling of the request of the defendants to have the judgment reopened for the purpose of receiving additional evidence on behalf of defendants, and in sustaining appellee's objections to the appellants' request to reopen the judgment. Such motion related to the request of the defendants to reopen the case and present additional evidence from Martin L. Pigg and Louise Pigg to the effect that the execution of the deed in question was to be in payment of the note and mortgage, and in the affidavits attached to such motion, said defendants asserted that Martin L. Pigg did not testify as a witness at the trial on account of the canons and ethics of the American Bar Association as to a lawyer testifying in court in behalf of his client. .However, an examination of the record discloses that such testimony of Martin L. Pigg and Louise Pigg was merely cumulative to the testimony of appellants

themselves at the trial and of their corroborating witness, Hurley Drake. In addition, the said Martin L. Pigg did testify as a witness in this cause after the court had opened the evidence to permit additional testimony for the defendants.

This court cannot hold, in view of all of the circumstances shown by the record, and the fact that such evidence is purely cumulative, that the trial court abused its discretion in denying appellants' motion to present such evidence. *Cobler, Admr.,* v. *Prudential Life Ins. Co.* (1941), 108 Ind. App. 641, 31 N. E. 2d 678; *Munson* v. *Quinn* (1941) 110 Ind. App. 277, 37 N. E. 2d 693; *Hull* v. *Burress* (1950), 120 Ind. App. 507, 93 N. E. 2d 213.

We have examined the various assignments of error presented by the appellants, and we find no reversible error. The judgment is, therefore, affirmed.

NOTE.—Reported in 109 N. E. 2d 107.