GREENWOOD CONSTRUCTION CO. *v.* ESTATE OF LIPPMAN, DECEASED, ET AL.

[No. 20,677. Filed April 11, 1968. Rehearing denied May 23, 1968. Transfer denied July 31, 1968.]

*John M. Heeter, Dulberger, Heeter, Johnson & Salb,* of Indianapolis, for appellant.

*Ted B. Lewis, Stewart, Irwin, Gilliom, Fuller & Meyer, Robert Hollowell,* and *Hollowell & Robinson,* all of Indianapolis, for appellees.

BIERLY, J.—Appellant instituted this action below by filing a claim against the Estate of Maurice B. Lippman, Deceased. The total claim was in the amount of $17,350.00, representing a $10,000.00 note with interest thereon, at the rate of 5% per annum from October 25, 1964, as well as attorney fees. The note was issued in favor of the Greenwood Construction Company by the decedent, payable in sixty (60) days.

Appellees' defense was alleged payment of the note.

The trial court found for the appellees finding that the $10,000.00 note had been paid, but found for the appellant,

that interest due had not been paid in the sum of $178.67, and further, that appellant's attorney was entitled to attorney fees in the amount of $26.80, which was 15% of the amount found due. Costs were taxed against appellees' estate.

Appellant filed its motion for a new trial, which taken as a whole, presents the following issue: whether there was any evidence to sustain the court's findings that the note had been paid.

It is our opinion that there is sufficient evidence to sustain the trial court's finding.

The defense introduced two cancelled checks of appellees' into evidence. The first was dated December 27, 1954, and was payable to appellant in the sum of $7,500.00. The second was dated March 19, 1955, payable to appellant in the sum of $2,500.00. Although these cancelled checks contained no notation stating for what purpose they were issued, the dates correspond with the period of the note in question. There was evidence that 4 or 5 separate loans had been made between the parties around this period, and that appellee had repaid them with cash. Also, the long lapse of time (over 8 years) before suit was brought could have been taken into consideration by the trial court in its decision.

In the case of *Pigg et al.* v. *Cook* (1952), 123 Ind. App. 414, 109 N. E. 2d 107, this court said:

"... that payment, like any other fact, may be proved by circumstantial, as well as direct evidence, and it is true that delay in asserting a claim after a debt is due for a considerable period of time, less than the period prescribed by law, may be circumstantial evidence of payment sufficient to warrant the court in inferring payment when considered with other circumstances."

The Estate's Exhibit C, introduced into evidence, was a letter from Mr. Greenwood to Mr. Lewis, attorney for appellee, which stated in part, as follows:

"For your information there were either 4 or 5 separate loans made to Mr. Lippman around this time or period.

They varied and were to the best of my recollection in the following (sic) amounts:

2500.
5000.
7500.
10,000

"Most of the above amounts were given to Mr. Lippman in cash, reason being be needed this money for a Special Purpose. *He likewise returned these moneys to me also in cash.* I withdrew the money as he needed it from my safety deposit box and returned it when received from him (emphasis supplied).

". . .

"The 10000.00 note in question was given to Mr. Lippman during a period when both he and I were up to our ears in work and I feel was not paid only because it was misplaced in one of my personal files and found during the time of moving our offices to a new location.

/s/   Harold Greenwood"

We are of the opinion that the above letter is sufficient to support an inference that all of the loans had been paid in cash, except the $10,000.00 loan, which, it could be inferred, had been paid by the checks in question.

Finally, appellant contends that the assessment of the amount of recovery is erroneous as being too small. The basis for this argument is a stipulation between counsel which is as follows:

"Q. Now, Mr. Lewis, I think and I have neglected to mention it, but we did agree on a stipulation in this matter, that if attorneys' fees were to be allowed in the case that they would be computed on the basis of the Commercial Law League, which calls for, in a case of this kind calls for 25% on the first $750.00 in recovery and 15% of anything over that in recovery and this, of course, is applicable only in the event of recovery, is that right?

"A. We did so talk about this.

"Q. And it is stipulated, is it not?

"A. Yes."

The court's findings and judgment stated:

"That claimant's attorney is entitled to attorney fees at the rate of fifteen percent (15%) on the first Seven Hundred Fifty Dollars ($750.00) and ten percent (10%) on any amount in excess thereof, by stipulation of the parties, which attorney fees are in the amount of Twenty-Six and 80/100 Dollars ($26.80)."

The court's finding and judgment did in fact correspond with the Commercial League recommended rates.

We are of the opinion it was entirely within the trial court's province to apply the correct rates to the obviously mistaken stipulation on the part of both counsel. It appears that the intent of the stipulation was to apply the Commercial Law League rates and no other.

Having found no reversible error, we are of the opinion that the cause of action should be affirmed.

Judgment affirmed.

Pfaff and Smith, JJ., concur.

Cook, P. J., not participating.

NOTE.—Reported in 235 N. E. 2d 715.

### DENIAL OF PETITION FOR REHEARING

BIERLY, J.—On April 29, 1968, appellant filed its petition for rehearing in the above entitled cause, accompanied by brief in support thereof. Proof of service was also filed on said date.

On May 3, 1968, appellees filed a brief opposing appellant's petition for rehearing. Proof of service was likewise filed on said date.

Appellant in its supporting brief charges that the income of the payee of a note and the source of moneys deposited in the bank account of payee do not tend to prove or disprove the payment of the note, hence this is not material.

It is our conclusion that the court's opinion is nowise based upon evidence relative to the income of Maurice B. Lippman, decedent, during his life span, or the source of moneys de-

posited in his bank account. We conclude that points "1" and "2" as discussed in appellant's brief are inapplicable to matters contained in this court's opinion.

Appellant contends, moreover, that inasmuch as Mr. Lippman's checks failed to have noted thereon that the said checks were in payment of the note in question, these checks should not be considered as evidence of payment. In our opinion we quoted from the case of *Pigg et al.* v. *Cook* (1952), 123 Ind. App. 414, 109 N. E. 2d 107, wherein the court held that a payment may be proved by "circumstantial as well as direct evidence," and the inference may be drawn from the evidence and the circumstances in the evidence.

We hold that the appellant ignores the inference which may be drawn due to the long delay of over eight (8) years from the due date of the note before a demand, or attempt at collection, was made, and such demand was not made until after the death of the maker, Maurice B. Lippman. We stated that the dates of the checks correspond with the due date of said note. We assert again that inferences are for the trial court or jury, and it is the function of the trial court to determine the truthfulness and creditability of the witnesses and their testimony.

In citing the case of *Pennsylvania Ice & Coal Co.* v. *Elischer* (1939), 106 Ind. App. 613, 21 N. E. 436, the appellant in that case was urging the court to hold that the jury could not draw an inference from certain evidence because of certain contradictory evidence introduced by appellant and which was contrary to the inference drawn by the jury, and which was contrary to the jury's verdict. In the opinion of the Appellate Court this matter was to be determined by the jury. This case above referred to does not support the contention of appellant.

It appears that appellant's brief is based on the theory that appellees must produce "conclusive evidence of payment." This we hold is not a correct statement of the law. We are of the opinion that the rule applicable in the case at bar to be if there is any evidence before the trial

court, or any proper inference that could be drawn by the trial court derived from the facts and circumstances in evidence, thence the trial court's findings are supported by sufficient evidence. In our opinion, we hold that there was sufficient evidence to sustain the findings of the court.

In the granting of attorney fees the court had wide discretion. In the alleged stipulation a contradiction appears since the attorney fees, if allowed by the court, would be based on Commercial Law League, which provided 15% on the first $750. A question arose, inasmuch as the Commercial Law League was stated to be 25% on the first $750, which was not in conformity to the true terms of the Commercial Law rate. The trial court had authority to apply the correct rate fixed by the Commercial Law League in setting the attorney fees in the case at bar, which was the rate authorized by the said Commercial Law League.

In view of our conclusions reached herein, said petition for rehearing should be, and hereby is, denied.

Pfaff and Smith, JJ., concur.

Cook, P. J., not participating.

NOTE.—Reported in 237 N. E. 2d 112.