KACZMARCZYK v. DOLATO.

[No. 23,777.   Filed February 3, 1922.]

1. EVIDENCE.—*Ex Parte Statements.—Admissibility.*—In an action to cancel a mortgage or trust deed on the ground that it was fraudulently executed by the other party to an exchange of lands on the same day the land covered by such mortgage was conveyed to plaintiff, which mortgage had been transferred to defendant, papers signed by the defendant and the trustee in his mortgage as part of unsuccessful negotiation for a settlement of the mortgage and the note secured thereby, and which papers were not connected with the plaintiff in any manner making them binding on her, were inadmissible, being mere *ex parte* statements having no probative value as against plaintiff.   p. 544.

2. APPEAL.—*Review.—Weighing Evidence.—Actions in Equity.* —Where the trial court has rendered a decision based partly upon oral testimony, the court on appeal will not review questions depending upon the weight of conflicting evidence, even in a suit exclusively of equitable cognizance.   p. 545.

3. APPEAL.—*Review.—Erroneous Admission of Evidence.—Trials Without Jury.—Reversal.*—The erroneous admission of material evidence tending to prejudice appellants case is reversible error in equity and other actions where the trial was by the court without a jury, unless it affirmatively appears that such evidence was disregarded in making the decision.   p. 546.

4. EVIDENCE.—*Fraud.—Statement by Grantor after Execution of Deed.—Admissibility.*—In an action to cancel a mortgage or trust deed on the ground that it was fraudulently executed by the other party to an exchange of lands on the same day the land covered by such mortgage was conveyed to plaintiff, which mortgage had been transferred to defendant, evidence of statements made by plaintiff's grantor after he had executed the mortgage under which defendant claimed and the deed to plaintiff, and by the trustee named in the mortgage after that time, offered by plaintiff to establish that a conspiracy to defraud her by means of the mortgage existed between defendant and those two persons, was properly excluded, where the grantor and the trustee, respectively, were not shown to have had possession or control of any part of the property at the time their statements were made.   p. 546.

5. CONTINUANCE.—*Continuance to Procure Testimony.—Affidavit.—Statutes.*—Plaintiff's oral motion for a continuance to procure the testimony of a witness who was said to be ill and

unable to attend court at that time, was properly overruled, where no affidavit was filed undertaking to show cause for a continuance, as required by §419 Burns 1914, §410 R. S. 1881. p. 546.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by Veronica Kaczmarczyk against Steve Dolato. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*George P. Rose,* for appellant.

*Henry F. MacCracken,* for appellee.

EWBANK, C. J.—This was an action by appellant to set aside and cancel a mortgage or trust deed which the person who conveyed to her the lands covered by such mortgage had given under date of the same day when he executed the deed to her for the land. The complaint alleged that appellee was employed by appellant as her agent to negotiate an exchange of her farm for certain other real estate; that appellant agreed to accept such other real estate in exchange, subject to a mortgage for $2,000 to the Polish National Alliance, and that appellee told her there was no other mortgage or indebtedness against it; that appellee conspired with certain persons living in Chicago who were named as defendants but were not served with process, to defraud appellant, and in furtherance of such conspiracy caused said mortgage to be drawn payable to one of them, and to be signed and acknowledged by appellant's grantor at the same time the deed to her was executed; that there was no consideration for the mortgage, and that the mortgage and the note for $500 which it purported to secure were delivered to appellee with the purpose of defrauding appellant; that appellant delivered the deed for her farm and accepted the deed for this real estate in exchange in ignorance of the existence of such

mortgage; that appellee and his coconspirators told appellant that the deed to her would be subject only to said mortgage for $2,000, and that an examination of the title was not necessary, and she believed these state-. ments to be true and acted in reliance on such belief; that in fact said mortgage sought to be canceled was not then on record but was first recorded "some time" after her deed was executed and after she had parted with her own farm and had taken possession of the real estate so conveyed to her; and that she did not know such mortgage was executed or agree to assume the same.

Appellee filed an answer of general denial, and a cross-complaint setting out the trust deed or mortgage and the note which it purported to secure, alleging that the debt was past due, and asking a decree of foreclosure. Appellant replied by a denial and by a paragraph of special answer which alleged substantially the same facts as the complaint, and appellee replied to that special answer by a denial. The issues thus joined were tried by the court, without a jury. The court found in favor of appellee upon his cross-complaint, and entered a decree foreclosing the mortgage for the amount of the note, with interest and an attorney fee. Appellant's motion for a new trial was overruled, to which she excepted, and appellant duly perfected a term appeal and has assigned as error the overruling of her motion for a new trial.

Appellant introduced evidence to the effect that appellee was employed by her as a real estate agent to exchange her farm for other real estate; that in December, 1915, she and her husband and appellee met certain other persons in the office of Joe Wachowski, a lawyer, in Chicago; that appellee took them to Chicago, and there they met Mr. Skierkowski, her grantor, and asked him how much incumbrance there was against his real estate and he said $2,000; that appellee was

present and appellant thereupon agreed to accept Skierkowski's real estate subject to the mortgage for $2,000 in exchange for her farm; that she was not to pay any difference; that appellant could not read and her husband could not read English, and they did not know of the $500 mortgage; that the Chicago lawyer read over the deed to them but did not read it correctly; that the $500 mortgage was not then on record; that the deeds were signed on December 4, 1915, but were dated December 6; that appellant paid appellee $100 as commission for acting as her agent; that the deeds were acknowledged December 7, 1915, but her deed was left with appellee to get it recorded, and appellant did not see it nor know that it mentioned encumberances of a larger amount than $2,000 until the deed came back from the recorder; appellant's deed, as recorded, was read in evidence, the last sentence being "subject to encumbrances $2,500.00." The note was drawn payable to appellant's grantors, and indorsed by them, and the trust deed or mortgage purporting to secure it was drawn payable to the lawyer they went to see in Chicago, as trustee, and on cross-examination appellee testified that he had previously loaned said grantors $103.75, that he gave them a check for $100 and took credit for a $75 commission for services to them in making this exchange of real estate, on December 6, 1915, and paid $225 by check January 3, 1916, and that he really got hold of the mortgage on January 6, 1916; that those papers were delivered to him when he made said last payment. The trust deed or mortgage, as read in evidence, contained a certificate of the recorder of Lake county, Indiana, that it was recorded December 13, 1915. Appellee offered evidence tending to show that the trade was made with an understanding that appellant's grantor should receive $500 upon the exchange of real estate, that the mortgage was executed to carry

out that agreement, and that he bought it from the grantor and paid for it as above stated.

A witness testified that an attorney representing the appellant had promised that if the witness would procure a release of the mortgage appellant would pay it, and that the witness then wrote out a release and gave a copy to said attorney and had appellee execute it. Appellee then offered to read in evidence this release, bearing his signature and acknowledgment, as "corroborative," and over an objection and exception by appellant it was admitted, the court expressing approval of the statement that it was "merely corroborative." A similar form of release purporting to have been signed and acknowledged by the trustee named in the trust deed or mortgage was also read in evidence over appellant's objection and exception, upon the statement of the witness that it was brought to him by appellee and that he told appellant's said attorney that he had it. Appellee testified that as part payment for the note and mortgage sued on he gave a check for $100 on December 6, 1915, to one of the grantors who conveyed the land to appellant, and that he paid said grantor $225 by check on January 3, 1916; and over objections and exceptions by appellant the court permitted appellee to read in evidence checks for said amounts of those dates, respectively, each of which was signed by appellee and was made payable to "Jan Skierkowski," one of appellant's grantors. The attorney for appellee accompanied his offer with the statement that "It is corroborative," and the court said, "Let it go in."

Neither of these papers was executed by appellant, nor found in her possession, nor was she connected with them in any manner which could make them or any of them binding upon her. Two of them appeared to have been signed by appellee and by the trustee in his mort-

gage, respectively, as part of a negotiation for settlement which failed., The other two were written and signed by appellee, payable to one named as his codefendant and charged by the complaint with being a party to the alleged fraud, and there was nothing tending to connect appellant with them. They were *ex parte* statements which had no tendency, when offered by appellee as original evidence in his own behalf, to prove anything as against appellant.

But appellee asks this court to presume that the trial court, although it admitted this evidence over objections and exceptions by appellant, disregarded it in deciding the case, and to hold that the error in admitting it was harmless. Courts of chancery formerly heard no oral testimony, but all the evidence came before them as taken in writing by examiners who had no authority to exclude anything that was offered. And when an appeal was taken in such a case the appellate tribunal passed upon the weight of the evidence, *de novo.* In doing so the triers of the appeal based their finding upon that evidence which they deemed properly before them, and errors in the admission of evidence

2. were disregarded. But under our Code suits in equity are tried in the same manner as actions at law in which a jury is waived, and when the trial court has rendered a decision based partly upon oral testimony the Supreme Court will not review questions depending upon the weight of conflicting evidence, even in a suit exclusively of equitable cognizance. *Karges Furniture Co.* v. *Amalgamated, etc., Union* (1905), 165 Ind. 421, 433, 75 N. E. 877, 2 L. R. A. (N. S.) 788n, 6 Ann. Cas. 829.

And in Indiana the rule has long been established that the erroneous admission of material evidence tending to the prejudice of appellant's case is reversible

error in suits in equity and other cases where the trial was by the court without a jury, unless it affirmatively appears that such evidence was disregarded in making the decision. *Stanton* v. *State, ex rel.* (1881), 74 Ind. 503, 507; *Shaughnessey* v. *Jordan* (1916), 184 Ind. 499, 514, 111 N. E. 622. We cannot hold these errors to have been harmless.

Evidence of statements made by appellant's grantor after he had executed the mortgage under which appellee claims and the deed under which appellant holds title, and by the trustee named in the mortgage after that time, was offered by appellant, but was excluded. Appellant insists that this evidence was competent to establish that a conspiracy to defraud her existed between appellee and those two persons at and before the time when the mortgage was given by said grantor to the trustee and the note payable to the grantor was assigned to appellee. Appellant relies upon the case of *Caldwell* v. *Williams* (1849), 1 Ind. 405, which held that where a grantor remained in possession of the property conveyed, statements made by him as to the character of his possession were competent as evidence that the apparent conveyance was fraudulent, and that the grantee took the title for the benefit of the grantor. But in the case at bar the grantor and the trustee, respectively, were not shown to have possession or control of any part of the property referred to at the time their statements were made.

It was not error to exclude the offered evidence. Appellant made an oral motion for a continuance to procure the testimony of a witness who was said to be ill and unable to attend court at that time. But no affidavit was filed undertaking to show cause for a continuance, as is required by the statute. There was no available error in overruling such motion. §419 Burns 1914, §410 R. S. 1881. Since the case must

be tried again we do not think it best to consider and do not decide as to the alleged insufficiency of the evidence to sustain the verdict.

The other questions discussed by counsel may not arise on a retrial of the case. For the errors mentioned above the motion for a new trial should have been sustained.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.