## KACZMARCZYK v. DOLATO ET AL.

[No. 11,894.   Filed February 7, 1924.   Rehearing denied May 15, 1924.   Transfer denied January 30, 1925.]

1.  APPEAL.—*Court will not weigh the evidence when it is in parol.*—Notwithstanding the provisions of §698 Burns 1914, Acts 1903 p. 338, the court on appeal will not weigh the evidence when it is in parol.   p. 440.
2.  APPEAL.—*Error in excluding evidence waived by failure to present it in brief.*—Any error in the exclusion of evidence is waived by appellant's failure to set it out in his brief or to show therein where it may be found.   p. 440.
3.  APPEAL.—*Overruling objections to questions to witness harmless when witness answered that he did not know.*—The action of the court in overruling objections to questions propounded to a witness *held* harmless where witness answered that he did not know.   p. 440.

4. APPEAL.—*Action of court in overruling objections to questions not presented on appeal.*—Action of the court in overruling objections to questions propounded to a witness are not presented on appeal where the answers to the questions are not set out in appellant's brief nor any reference made to where they may be found. p. 441.

5. APPEAL.—*Exception to ruling of court necessary to present any question.*—There is no available error in sustaining an objection to a question where no exception was taken to the ruling of the court. p. 441.

6. APPEAL.—*Ruling excluding evidence, when not reviewed.*— The action of the court in excluding evidence will not be reviewed on appeal where the offer to prove was not in accord with the questions propounded to the witness. p. 441.

From Lake Superior Court; *Claude V. Ridgely,* Special Judge.

Suit by Veronica Kaczmarczyk against Steve Dolato and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*George P. Rose* and *Thaddeus Menczynski,* for appellant.

*Henry F. MacCracken,* for appellees.

NICHOLS, J.—This is the second appeal of this case, the first being to the Supreme Court and is reported in 191 Ind. 540, 133 N. E. 829. After reversal of the judgment in the Supreme Court, an amended complaint was filed in the trial court and the issues reformed. There was a trial by the court with special findings of fact on which conclusions of law and judgment were rendered in favor of appellees on the complaint, and in favor of appellee Dolato on his cross-complaint, giving him judgment upon the note sued on therein for $953.46, including $200 attorney's fees and a decree foreclosing his mortgage or trust deed. This note and the trust deed securing it are in controversy, appellant claiming that they were fraudulently executed, and that the trust deed was withheld from record, that she had no knowledge of them until the deal was closed, and

that the property involved was conveyed to her subject to a mortgage for $2,000 and no more.

The only error assigned and presented in this court is the action of the court in overruling appellant's motion for a new trial.

The facts as found by the court are that on December 6, 1915, appellees Skerkowski and wife were the owners of certain real estate in Lake county, here involved. Immediately prior to that date, appellee Dolato was acting as a real estate agent for appellant, who owned a farm near Otis, Indiana; that on said December 6, 1915, appellant and appellees Dolato, Skerkowski, appellant's husband and one Krause, and one or two other persons met in the office of appellee Wachawski in the city of Chicago, Illinois, for the purpose of effecting a triangular trade of properties, said Krause being then the owner of a building in Chicago which was involved in the trade. Such trade was made on that date, appellant taking the property above mentioned and belonging to Skerkowski. By the terms of the exchange, Skerkowski was to receive $500 from appellant as "boot" money. Appellant did not have the cash to pay such "boot" and it was therefore agreed that Skerkowski and wife should execute a note secured by mortgage or trust deed upon the property traded to appellants, and appellee Dolato agreed to and did purchase the note, being part of the purchase price, at that time, and the remainder later. The deed to the property which was traded to appellant was duly recorded on December 24, 1915, and it contains the following recital: "Subject to encumbrances, $2,500.00, dated this 6th day of December, A. D. 1915." The mortgage or trust deed mentioned above was recorded December 13, 1916.

We have examined the evidence in this case as set forth in appellant's brief and we hold that there is evi-

dence to sustain the court's findings of fact, the substance of which is set out above.

Appellant insists that under §698 Burns 1914, Acts 1903 p. 338, it is the duty of this court to weigh the evidence but it has been repeatedly decided other-

1. wise where the evidence is in parol. *Robinson* v. *Horner* (1916), 62 Ind. App. 456, 113 N. E. 10; *Seybold* v. *Rehwald* (1911), 177 Ind. 301, 95 N. E. 235.

Appellant's reasons Nos. 23 and 44 in her motion for a new trial relate to the action of the court in excluding certain alleged evidence of other fraudulent acts

2. of appellee Dolato similar to the ones of which appellant claims that he was guilty in the transaction here involved. At No. 23, it appears that the question arose in the cross-examination of appellee Dolato. We do not find this evidence set out elsewhere in the brief and there is no reference as to where it can be found in the record. At reason No. 44, not even the name of the witness who was being examined is given, and we do not find this evidence elsewhere in the brief nor any reference to where it may be found in the record. The question which appellant undertakes to present is therefore waived.

At reasons Nos. 13 and 45 for the motion for a new trial, appellant complains of the court's action in overruling her objections to certain questions pro-

3. pounded to appellee Skerkowski. The respective answers to these questions are not given. If we have succeeded in locating them in appellant's narrative statement of the evidence, they were harmless, as the witness answered that he did not know. There is no reference to where they may be found in the record.

At reason No. 40 for the motion for a new trial, appellant complains of the court's action in overruling her objection to a certain question. The name of the

witness is not given nor the answer to the question. We do not find the evidence elsewhere in the brief and there is no reference as to where it may be found in the record.

4.

At reasons Nos. 46 and 47 for the motion for a new trial, appellant complains of the action of the court in overruling her objection to questions propounded to witness Skerkowski on cross-examination. No answers are given to the respective questions. We do not find the evidence elsewhere in the brief, and there is no reference to where it may be found in the record.

No reversible error is presented.

Judgment affirmed.

McMahan, J., not participating.

### OPINION ON REHEARING.

NICHOLS, J.—Appellant complains that the court erred in its statement that the evidence involved in her reason No. 23 for a new trial is not found elsewhere in her brief, and points out the place where such evidence is found, together with a reference to it in the record. The purported statement of such evidence, however, is wholly insufficient to present any question. Further, it does not appear that any exception was taken to the ruling of the court in excluding the evidence. Even if the statement in the brief were sufficient, there was no reversible error in the court's ruling. The question involved was as follows: "Isn't it a fact that afterwards it was found out that he had a hundred dollar note in his possession?"

5, 6.

To this question there was an objection, and thereupon appellant made the following offer to prove: "The plaintiff offers to show and this witness will testify in answer to this question, that the note of one hundred dollars, which the cross-examination brought out, was also fraudulently procured." After this offer, the ob-

jection was sustained. It is clear that an answer in harmony with the offer would not have been responsive to the question.

The petition for rehearing is denied.