WILLARD ET AL. *v.* LOUCKS ET AL.

[No. 14,034. Filed March 6, 1931. Rehearing denied June 17, 1931. Transfer denied June 7, 1933.]

*Orrin H. Markel* and *Hughes & Arnold,* for appellants.

*Oscar Jay,* for appellee.

WOOD, J.—The appellees as plaintiffs, brought an action against the appellants, as defendants, in the Elkhart Superior Court, being cause number 5,828 in said court, for the purpose of having a transfer of real estate from one John P. Stauffer to Stanford Willard set aside as fraudulent. Upon the trial of said cause in the Elkhart Superior Court, the court found that the plaintiffs were entitled to have the transfer of the real estate set aside, subject to a first lien thereon in favor of Stanford Willard in the sum of $13,380.

In its judgment the court attempted to create, and declare a first lien on the real estate in favor of the said Willard, ordered the land sold on execution subject to Willard's lien, and the proceeds derived therefrom applied, first to the payment of the plaintiffs' claim, and judgment in that case, then to the payment of costs, and accruing costs, and the balance to any person entitled thereto. The judgment was rendered upon May 2, 1924.

Upon June 30, 1924, the plaintiffs, in said cause 5,828, filed a motion to modify the judgment rendered May 2, 1924, by striking out the part thereof declaring a first lien on the land in favor of Willard and ordering the same sold subject thereto. This motion was overruled. Upon November 24, 1925, Stanford Willard as plaintiff, filed a complaint in the Elkhart Superior Court, being cause number 6,821 in said court, against John P. Stauffer, Melvin Loucks et al., for the purpose of foreclosing the lien alleged to have been created by the judgment

in cause number 5,828. The venue in this case was changed to the St. Joseph Superior Court No. 2, where a judgment was rendered in favor of the defendants. From that judgment an appeal was taken to this court where the judgment of the lower court was affirmed, this court holding that the judgment of the Elkhart Superior Court in cause number 5,828, did not create a lien in favor of Stanford Willard that could be enforced in a court of equity, see *Willard* v. *Stauffer* (1930), 91 Ind. App. 119, 170 N. E. 332, decided February 28, 1930.

Upon July 7, 1928, the appellants filed their motion in the Elkhart Superior Court, in cause number 5,828, asking that the court, quoting, "correct nunc pro tunc the record of said finding and judgment made and entered herein on the 2nd day of May, 1924, and recorded in book 12 of this court, at page 233, so that said record shall express the finding and judgment as made and entered by this court on the 2nd day of May, 1924, viz., that the deed for the real estate described in the complaint be set aside; that the defendant Stanford Willard has a first lien against described real estate for thirteen thousand three hundred eighty ($13,380.00) dollars, and that said real estate be sold on execution and the proceeds thereof, applied, first, to the payment of said first lien of the defendant Stanford Willard, and thereafter to the satisfaction of the plaintiff's claims, demands and judgments, and that so much of said finding, decree and judgment, so entered in said order book 12 of this court at page 233 as does not conform to the finding and judgment actually made and entered by this court be stricken out and eliminated from said record, and all other proper relief in the premises."

By agreement of the parties the venue was changed to the Elkhart Circuit Court. After the cause was transferred to that court and before the hearing was

had upon the motion for an entry nunc pro tunc correcting the record of the Elkhart Superior Court, appellants filed a motion to retransfer said cause to the Elkhart Superior Court. This motion was overruled.

Stanford Willard, one of the defendants in cause number 5,828, died September 30, 1926; under his will Anna Willard is appointed as his executrix, and is now prosecuting this appeal individually, and as such executrix.

The motion for an entry nunc pro tunc was denied by the Elkhart Circuit Court. From this ruling of the court this appeal is taken. The appellants assign as reasons for reversal: (1) That the court erred in overruling appellants' motion to retransfer the cause to the Elkhart Superior Court; (2) that the court erred in denying appellants' motion for a correction of the judgment nunc pro tunc.

Appellees, Melvin Loucks, Exchange Bank, Walter Lumber Company, a corporation, Herbert W. Layer, and Harry A. Layer, partners doing business under the firm name and style of Layer Brothers, have filed a motion to dismiss this appeal for the reason that one Benjamin Lechlitner was one of the parties plaintiff in cause number 5,828 in the Elkhart Superior Court, that he was not named as appellee in the assignment of errors, and no reason is shown on behalf of appellants for their failure to so name him. The record shows that his death was suggested to the Elkhart Superior Court by counsel for appellees upon September 25, 1928. That thereafter without any further showing appellants caused notice of the filing of their motion for an order nunc pro tunc to be served upon Amanda Lechlitner, Walter A. Lechlitner, Bessie Loucks, and Hazel Herr. They were not parties to the original action number 5,828. On December 4, 1928, counsel for appellees appeared specially, and filed a motion to strike out

appellants' motion for an entry nunc pro tunc. On February 25, 1929, counsel for appellees again appeared specially for these particular appellees, and filed a motion to dismiss appellants' motion for an entry nunc pro tunc, in which it was alleged that they were not made parties to appellants' motion, were not proper parties thereto, were not parties to the cause in which it was sought to have the entry made, were not shown to have any connection with the same, and that the court had no power or authority to enter any order that would be binding upon, or effect any rights which they might have in the judgment rendered in cause 5,828. This motion was submitted to the court and overruled, after which counsel for appellees, Amanda Lechlitner, Walter A. Lechlitner, Bessie Loucks, and Hazel Herr, made a full appearance for them and resisted the motion of appellants in the court below. They are all named as appellees in the assignment of errors. Under the facts as disclosed by the record the motion to dismiss the appeal is not well taken and is overruled.

Appellees insist that the bill of exceptions containing the evidence is not complete in that it does not set out all the evidence given in the cause. This defect was cured by return to a writ of certiorari, ordered by this court December 10, 1930. An examination of the record shows that the bill of exceptions containing the evidence is properly included in the record.

Appellees also insist that the appellants have not complied with the requirements of clause 5, of rule 22 of this court. It is true that the recital of the evidence set out in appellants' brief is very meager, but inasmuch as it is possible to ascertain from the entire brief, the errors complained of, it would hardly be proper to hold that appellants have not made a good faith effort to comply with the rules of the court in that respect.

This brings us to a consideration of the errors assigned for reversal of the cause.

Appellants assert that a motion for an entry nunc pro tunc must be addressed to the court in whose records it is proposed to have the entry made, and that a change of venue from that court cannot be taken to some other court for a hearing and order on such motion. The authorities seem to be harmonious in holding that the motion for an entry nunc pro tunc must be filed in the first instance in the court in which it is proposed to have the entry made. This the parties did, so the Elkhart Superior Court had jurisdiction of both the parties and the subject matter. *Indianapolis & Greenfield Rapid Transit Co.* v. *Andis* (1904), 33 Ind. App. 625, 72 N. E. 145. After having taken this step in the proceedings, the record shows that upon February 19, 1929, in open court, *by agreement of the parties,* the court ordered cause number 5,828 transferred to the Elkhart Circuit Court. After the transfer of the case to the latter court the record discloses that upon February 25, 1929, the appellees filed a motion to strike out portions of appellants' motion for an order nunc pro tunc. On May 17, 1929, appellants appeared in open court on a hearing of said motion, and resisted same. Again upon May 24, 1929, appellants appeared in open court to a motion filed by appellees and resisted same. Upon June 17, 1929, after having appeared in the Elkhart Circuit Court to the motions made by the appellees as above set out, appellants filed their motion to retransfer said cause to the Elkhart Superior Court.

The original proceeding was one effecting the title to real estate in Elkhart County, so that either the Elkhart Circuit Court or Superior Court could assume jurisdiction over the subject matter, Acts 1881, special session, p. 240, §323, Burns 1926, 2 R. S. 1852, p. 5, §1376, Burns 1926; Acts 1913, p. 33, §1414, Burns 1926.

It was also of such a character that if a proper application had been made therein for a change of venue from the Elkhart Superior Court to some other court it would have been incumbent upon that court to have granted the application, and the Elkhart Circuit Court would have had authority to receive said cause and assume jurisdiction over the same. In other words the original action was an ordinary civil suit and one in which a change of venue could have been taken. It necessarily follows from the facts in the instant case that appellants, by their conduct, were estopped to question the jurisdiction of the Elkhart Circuit Court, and that their motion to retransfer the cause to the Elkhart Superior Court came too late. *Judah* v. *Vincennes University* (1864), 23 Ind. 272; *Center Township* v. *Board Commissioners Marion County et al.* (1887), 110 Ind. 579, 10 N. E. 291; *Willet* v. *Porter* (1873), 42 Ind. 250.

In the case of *Jenkins* v. *Long* (1864), 23 Ind. 460, the Supreme Court of this state announced that courts have inherent power to correct their records and make them speak the truth, which power is much older than the code. In the same case it was further announced by the court that for the purpose of making the correction, evidence was admissible outside of the judgment sought to be amended. This case has been cited and quoted with approval many times by the courts of this and other states. It is apparent therefore, that an issue of facts may be tendered in a proceeding of this kind.

In their motion for the proposed entry nunc pro tunc, the appellants, in addition to alleging that the judgment as entered by the clerk did not contain a true and correct expression of the judgment as rendered by the court, alleged that the appellees, conniving and conspiring to cheat, hinder and defraud Stanford Willard, and with the purpose and intent to perpetrate a fraud upon the

138

court, prepared the judgment as the same was finally entered by the clerk of the Elkhart Superior Court, thus tendering an issue of fact, casting upon them the burden of proof. This issue was submitted to the court, trial was had, and the motion of the appellees was denied. There was a conflict in the evidence, but there was evidence sufficient to sustain ·the finding of the lower court.

That this court will not weigh the evidence when the same is conflicting, is well and firmly settled. *Parkinson* v. *Thompson* (1905), 164 Ind. 609, 73 N. E. 109, 3 Ann. Cas. 677; *Hudelson* v. *Hudelson* (1905), 164 Ind. 694, 74 N. E. 504; *Ray* v. *Baker* (1905), 165 Ind. 74, 74 N. E. 619; *Karges Furniture Company* v. *Amalgamated, etc., Union* (1906), 165 Ind. 421, 75 N. E. 877, 2 L. R. A. (N. S.) 788, 6 Ann. Cas. 829; *Kaczmarczyk* v. *Dolato* (1922), 191 Ind. 540, 133 N. E. 829; 1 Freeman on Judgments, 5th Ed., §170.

Judgment affirmed.