PLUMB *v.* TERRE HAUTE FIRST NATIONAL BANK OF TERRE HAUTE, ET AL.

[No. 17,235. Filed April 27, 1944.]

*R. V. Tozer*, of Brazil, for appellant.

*Miller & Miller* and *Kenneth Miller*, all of Brazil, for appellee.

DOWELL, J.—On February 11, 1941, one Harry V. Sherburne executed his last will, Item 5 thereof being as follows:

> "I hereby devise, will and bequeath unto Lillian Plumb, now of Brazil, Indiana, the sum of Three Thousand Dollars ($3,000.00)."

Thereafter, in the same year said testator died. After the probate of the said will and the qualification of the executor therein nominated, Terre Haute First National Bank of Terre Haute, Indiana, the appellant, Lillian Plumb demanded of said executor the payment of the legacy less inheritance tax due thereon which payment was refused on the ground that another person, under the same name, was claiming said legacy. Upon a

showing of these facts said executor was ordered to pay the legacy to the clerk of the court to be there impounded pending litigation and the final order of the court.

Appellant, thereupon, filed in said court her petition, naming as an adverse party therein the appellee under the name of Lillian Hoskins, praying the court for an order directing that said legacy be paid to appellant.

The pertinent portions of appellee's answer and counter petition were as follows:

"5. That she admits the allegation contained in rhetorical paragraph Number 5 of said petition, to the extent of admitting that Item 5 of said Will of said Harry V. Sherburne, deceased, devised, willed, and bequeathed unto a Lillian Plumb, the sum of Three Thousand Dollars ($3,000.00), but denies that part of the allegation contained in said rhetorical paragraph Number 5 which states that said bequest so devised and willed, was to the petitioner, who styles herself 'Lillian Plumb.' And in further answer to said rhetorical paragraph Number 5 in said petition, this affiant says and alleges the facts to be: That the true name of said petitioner, who herein styles herself 'Lillian Plumb,' in truth and in fact is Lillie May (French) Plumb, sometimes spelled Lilly May (French) Plumb; that said specfic bequest in said Will was not given and devised by said testator to said petitioner who styles herself 'Lillian Plumb,' but the same was devised, willed and bequeathed to this affiant, by said testator who always knew this affiant as, called her, introduced her and addressed her as Lillian Plumb.

"6. That she admits the allegations contained in rhetorical paragraph Number 6 of said petition, to the extent of admitting that said testator, Harry V. Sherburne, deceased, left at the time of his death, sufficient money and property to pay said legacy devised in said Will to Lillian Plumb, of Three Thousand Dollars ($3,000.00), and that said Terre Haute First National Bank, of Terre Haute,

Indiana, as Executor of said Last Will of said testator, Harry V. Sherburne, deceased, has sufficient money of said estate, either on hand or paid into court, to fully pay said bequest and legacy as provided and directed in Item 5 of said Last Will and Testament of said Harry V. Sherburne, deceased, but denies that said legacy and bequest was directed to be paid to the petitioner or was intended by said testator to go to said petitioner, whose Christian name is not 'Lillian,' and who was not known to said testator as 'Lillian Plumb.'

"7. That she admits the allegation contained in rhetorical paragraph Number 7 of said petitioner.

"8. That she admits the allegation contained in rhetorical paragraph Number 8 of said petition, to the extent of admitting that the amount of the legacy devised and bequeathed in Item 5 of said Will, after the payment of said inheritance tax is Two Thousand Seven Hundred Ninety-seven Dollars ($2,797.00) ; but denies that said legacy is due said petitioner; and alleges that said legacy is due this affiant.

"9. That she admits the allegations contained in rhetorical paragraph Number 9 of said petition, to the extent of admitting that said Executor refuses to pay to said petitioner said sum of Two Thousand Seven Hundred Ninety-seven Dollars ($2,797.00), the amount of said legacy after said inheritance tax is paid, and refuses to pay said petitioner, who styles herself 'Lillian Plumb,' any part of said legacy; but denies that part of said allegation which alleges that such payment is directed and provided in said Will to be made to the petitioner.

"10. And, by way of counter-petition herein, this affiant says: That the interest and claim which this affiant, who by said petitioner is made a party defendant to said petition, has to the legacy devised, willed and bequeathed to her in Item 5 of said Last Will and Testament of the said Harry V. Sherburne, deceased, is as follows:

"(a) That she is the natural daughter of John W. Plumb and his wife, Hanna B. (Powers) Plumb, of Brazil, Indiana;

"(b) That the said John W. Plumb was a

brother of Rebecca (Plumb) Sherburne, the first wife of said testator, Harry V. Sherburne;

"(c) That the said father of this affiant, the said John W. Plumb, died January 13, 1942; and that the said mother of this affiant, the said Hannah B. Plumb, died June 2, 1942;

"(d) That this affiant was related to the first wife of said testator as a blood niece;

"(e) That the Christian maiden name of this affiant was Lillian Plumb, and as such was and is duly entered upon the birth records of the Secretary of the Board of Health of the City of Brazil, Indiana;

"(f) That the full true Christian name of this affiant, under which she was finally confirmed in the Annunciation Church, of Brazil, Indiana, was Lillian Rebecca Plumb; and that her middle Christian name of Rebecca was given her as a name sake of her said Aunt, Rebecca (Plumb) Sherburne;

"(g) That on the 14th day of March, 1928, this affiant married one Roy E. Hoskins;

"(h) That on the 16th day of March, 1932, this affiant and said Roy E. Hoskins, were divorced by decree of the Superior Court, of Marion County, Room Number 3, in the City of Indianapolis, Indiana;

"(i) That immediately following said decree of divorce this affiant returned to the home of her said parents, in Brazil, Indiana, where she has resided continuously ever since;

"(j) That during her brief married life, this affiant lived in Putnam County, Indiana, and in Marion County, Indiana, but at no time during her marriage in the City of Brazil or in Clay County, Indiana;

"(k) That prior to her said marriage, this affiant was a frequent visitor in the home of her said Aunt and Uncle, the said Rebecca and Harry V. Sherburne, and they were frequent visitors in her home, where she lived with her parents, at Brazil, Indiana; that after her marriage and removal from Clay County, Indiana, this affiant was not in contact with the said testator, Harry V.

Sherburne, and did not see him again until after said divorce and her return to Brazil, Indiana;

"(l) That upon her return to Brazil, Indiana, she frequently saw and talked with said testator, and he always spoke to her as 'Lillian,' and of her and about her as 'my niece, Lillian Plumb';

"(m) That said testator, Harry V. Sherburne, was never familiar with the married name of this affiant, and never spoke to her or of her by such name, and this affiant verily believes that said testator never knew, as a matter of certainty, what her married name was;

"Wherefore, this affiant, party defendant to the petition filed herein by Lillie May Plumb who therein styles herself 'Lillian Plumb,' prays the Court for an order directing that the legacy of Three Thousand Dollars ($3,000.00), less the inheritance tax of Two Hundred Three Dollars ($203.00), devised, willed and bequeathed to Lillian Plumb, in the Last Will and Testament of Harry V. Sherburne, deceased, be ordered paid over to this affiant by the said Executor of said Will, or the Clerk of this Court, or any other officer of this Court having lawful custody of the same, and that this affiant and claimant to such legacy have such further order in the premises as the Court may deem just and proper."

Upon the issues thus joined the cause was tried to the court resulting in finding and judgment for the appellee, Lillian (Plumb) Hoskins, that she and not the appellant, is the person designated as the beneficiary under Item 5 of the will aforesaid and entitled to receive the legacy therein disposed.

Error assigned is the overruling of the motion for new trial which asserts the insufficiency of the evidence, the illegality of the decision and error in the rejection of certain evidence by the trial court.

Since appellants third specification is not presented in her brief in sufficient substance to enable us to deter-

mine whether same was properly reserved in the court below we do not consider it. The brief sets out neither the objection, the offer to prove, the ruling of the court nor the portion of the transcript where these matters may be found. We cannot resort to the record in aid of the brief seeking error whereon to reverse the judgment. *Chicago, etc. R. Co.* v. *Lawrence* (1907), 169 Ind. 319, 79 N. E. 363, 82 N. E. 768; *Kaczmarczyk* v. *Dolato* (1925), 82 Ind. App. 437, 142 N. E. 415, 143 N. E. 711.

To justify the reception of parol evidence in construing a will there must be latent ambiguity in the language of the will, latent ambiguity arising where language employed is clear and intelligible but some extrinsic fact creates necessity for interpretation. *Hertford* v. *Harned* (1916), 185 Ind. 213, 113 N. E. 727; *McConnell* v. *Robbins* (1923), 193 Ind. 359, 140 N. E. 59.

Appellant, by her reply brief, urges that there is no latent ambiguity in the language of the will here involved. Had the appellant, in the trial court, by proper and timely objections challenged the admissibility of any parol evidence on this ground some serious problems might have arisen here. However, she did not do so and the evidence stands unchallenged except as to its sufficiency.

Considering it in the light most favorable to the appellee it is revealed that the testator, for many years knew appellee only as Lillian Plumb and was accustomed to so designate and call her and that she was the person mentioned in the will as beneficiary; that testator spoke of her as "my niece, Lillian Plumb"; that testator, in conversations had stated that he intended to leave her something for the reason that he had paid for her brother's professional education but

had never done anything for her; that appellee lived in Brazil, Indiana, all of her life except for about four years when she was married to Hoskins and was a resident of that city on the date of the execution of the will; that she was known as Lillian Plumb and so called by friends, neighbors and relatives and that testator never knew she was married and never knew her husband; that items 2, 3 and 4 of the will were bequests of $3,000 each to nieces of testator's first wife and that appellee occupies the same relationship. The evidence was sufficient. *Miller* v. *Coulter* (1901), 156 Ind. 290, 59 N. E. 853; *Whiteman* v. *Whiteman* (1899), 152 Ind. 263, 53 N. E. 225.

That the trial court chose to believe this evidence against that conflicting therewith and to resolve all reasonable inferences flowing therefrom in appellee's favor were matters exclusively within its right and province.

Affirmed.

NOTE.—Reported in 54 N. E. (2d) 291.