# FOR PUBLICATION



**FILED**

Jan 30 2014, 7:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN JOHNSTON**
Johnston & Johnston, PC
Wabash, Indiana

ATTORNEYS FOR APPELLEES:

**DAVID J. JURKIEWICZ**
**NATHAN T. DANIELSON**
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOEL STOFFEL,                                      )
                                                   )
    Appellant-Defendant,                           )
                                                   )
           vs.                                )    No. 27A02-1303-MF-299
                                                   )
JPMORGAN CHASE BANK, N.A. and FEDERAL )
NATIONAL MORTGAGE ASSOCIATION,                     )
                                                   )
    Appellees-Plaintiffs.                          )

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Warren Haas, Judge
Cause No. 27D03-1209-MF-142

**January 30, 2014**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Joel Stoffel appeals the trial court's post-judgment order denying his motion to compel payment of an alleged surplus following a mortgage foreclosure and sheriff's sale. Stoffel claims he is entitled to recover the difference between the face amount of the judgment and the amount bid at the sheriff's sale. Stoffel presents three issues for review, which we consolidate and restate as:

1. Whether the trial court erred when it permitted the judgment creditor to present evidence to show there was no surplus even though the judgment creditor had previously filed a satisfaction of judgment.

2. Whether the trial court erred when it admitted certain evidence proffered by the judgment creditor to determine the amount of the judgment.

We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On June 25, 2010, JPMorgan Chase Bank, National Association ("Chase Bank") filed a complaint on its promissory note and to foreclose on its mortgage on real estate owned by Stoffel. On June 6, 2012, Stoffel and Chase Bank filed an Agreed Judgment Entry and Decree of Foreclosure ("Agreed Judgment"). The Agreed Judgment provides, in relevant part:

> [Chase Bank] is hereby granted a personal judgment against Joel Stoffel a/k/a Joel M. Stoffel in the principal sum of $124,475.56, together with interest from February 1, 2010, through and including July 15, 2011, in the sum of $12,248.35, further interest from July 16, 2011, to the date of the judgment at the rate of 6.75%, post-judgment interest at the statutory rate, filing fees in the sum of $186.00, Sheriff's service fee in the sum of $13.00, cost of title evidence in the sum of $200.00, mailing expense to file the complaint in this case pursuant to Rule 5F of the Indiana Rules of Trial Procedure in the sum of $8.70, late charges, reimbursable advances, and costs of collection in the

2

aggregate sum of $1,805.56, less a suspense credit of $129.35, and reasonable foreclosure attorneys' fees in the sum of $1,100.00, for a total judgment, with interest through and including July 15, 2011, in the sum of $139,907.82, and any additional costs of collection, expense, and disbursements incurred from the date of the Affidavit of Plaintiff [Chase Bank] to the date of the Sheriff's Sale, including, but not limited to, Sheriff's Sale costs, disbursements for real estate taxes, bankruptcy fees and costs, and disbursements for hazard insurance premiums[.]

Appellant's App. at 45-46 (emphases added). In the Agreed Judgment, Stoffel also agreed to foreclosure on his Chase Bank mortgage.

On September 12, Chase Bank assigned the Agreed Judgment to the Federal National Mortgage Association ("Fannie Mae").[1] The sheriff's sale was conducted on September 13, and Fannie Mae submitted the winning bid of $152,121.72, a "credit bid."[2] On September 19, Fannie Mae filed its satisfaction and release of judgment (the "Satisfaction of Judgment") with the trial court.

On March 8, 2013, Stoffel filed a motion to compel the payment of an alleged surplus balance based on the difference between Fannie Mae's credit bid of $152,121.72 and the face amount of the Agreed Judgment of $139,907.82. The trial court held a hearing on Stoffel's motion on March 22. At that hearing, Fannie Mae introduced, over Stoffel's objections,[3] affidavits of Chase Bank Vice President Albert Opoku and Chase Bank

---

[1] For clarity, we refer to all actions taken by the judgment creditor following the assignment, including the arguments to the trial court and this court, as the actions of Fannie Mae.

[2] A "credit bid" is a bid made by the judgment creditor in which no money is exchanged. A "full credit bid" is a sheriff's sale bid for the full amount of the judgment, including costs. See Titan Loan Inv. Fund, L.P. v. Marion Hotel Partners, LLC, 891 N.E.2d 74, 76 (Ind. Ct. App. 2008), trans. denied.

[3] Where Stoffel objected to the admission of this evidence in the trial court, the transcript reads "inaudible." See Transcript at 14-15, 17, 19. Fannie Mae does not challenge Stoffel's assertion that he properly preserved his objections, and, while the record does not reflect the assertion of a specific hearsay

attorney Jeffrey Wilson, each of which purported to rely on documents not attached to their affidavits to explain certain costs incurred between the date of the Agreed Judgment and the sheriff's sale. Fannie Mae also introduced, again, over Stoffel's objections, an undated and unsigned letter authored by Rose K. Kleindl. The Kleindl letter did not identify Kleindl's employer, her title, or to whom the letter was addressed, and it purported both to explain how the winning credit bid had been calculated and also to identify post-judgment costs and advances.

On March 26, the court issued its Order Denying Stoffel's Motion to Compel Payment with findings ("Denial Order"):

> Following the presentation of evidence and legal arguments by the attorneys the undersigned enters the following findings and orders:
>
> 1. The June 6, 2012, Agreed Judgment Entry and Decree of Foreclosure granted to [Chase] Bank (and to its successor in interest, Fannie Mae) a judgment against [Stoffel] with the following elements, some of which were not known nor able to be determined until the collateral was sold to Fannie Mae pursuant to its "credit bid" on July 9, 2012, for $152,121.72:
>
>     A.    $124,475.56 principal.
>
>     B.    Interest on the principal from February 1, 2010, through July 15, 2011, in the sum of $12,248.35.
>
>     C.    6.75% [i]nterest on the $136,723.91 ($124,475.56 + $12,248.35) from July 16, 2011, through July 9, 2012[.] The additional interest equaled $10,230.46.[4]

---

or self-authentication objection, those objections are apparent from the context of Stoffel's colloquy with the court.

[4] Fannie Mae is correct that the trial court miscalculated this interest figure and did not include interest through the date of the sheriff's sale. The interest should have been calculated at the rate of 6.75% from July 16, 2011, through September 13, 2012, and the correct amount is $10,745.94.

D.     $186 for filing fees plus $13 for the Sheriff's service fee.

E.     $200 title evidence fee plus a $25 supplemental title evidence fee.

F.     $8.70 for the certified mailing of the complaint.

G.     $1,676.21 [($147.70 for property inspection + $147 for preservation + $1,139.32 for hazard insurance + $191.54 for property taxes = $1,805.56 minus $129.35 credit) = $1.676.21].

H.     $1,100 for reasonable foreclosure attorney's fees.

I.     $129.15 for post-judgment property inspections.

J.     $191.54 for additional property taxes.

K.     $167.34 for additional property taxes.

L.     $1,609.41 for additional hazard insurance.

M.     $25 for title/tax verifications.[5]

N.     $534.50 for Sheriff's sale costs, ($318.50 publication costs + $216 Sheriff's fees).

The foregoing equals $152,820.22, which is $698.50 more than the "credit" bid" of $152,121.72.

2.     There is no surplus nor balance remaining to distribute to [Stoffel].

3.     The undersigned rules in favor of [Chase] Bank and Fannie Mae and dismisses the Motion.

Id. at 9-10 (some alterations in original). Stoffel now appeals.

---

[5] According to Fannie Mae, this $25 tax/title verification fee is charged twice in the trial court's computation. Although Fannie Mae does not explain which entry is the counterpart, it is most likely the "$25 supplemental title evidence fee" in section E of the Denial Order.

## DISCUSSION AND DECISION

### Standard of Review

Under Indiana Appellate Rules 2(H) and 5(A), the Denial Order is a final appealable order[6] that includes findings of fact and conclusions thereon entered sua sponte. The findings control only as to the issues they cover, and a general judgment standard applies to any issue upon which the trial court has made no findings. Coffman v. Olson & Co., 906 N.E.2d 201, 206 (Ind. Ct. App. 2009), trans. denied. In reviewing the Denial Order, we determine whether the evidence supports the findings and whether the findings, in turn, support the conclusions and judgment. Id. We will reverse a judgment only when it is clearly erroneous, that is, when the judgment is unsupported by the findings of fact and the conclusions thereon, id., or when the trial court applies the wrong legal standard to properly found facts, In re Paternity of K.I., 903 N.E.2d 453, 457 (Ind. 2009). A general judgment may be affirmed on any theory supported by the evidence presented at trial. Coffman, 906 N.E.2d at 207.

Additionally, Stoffel appeals from a negative judgment. A judgment entered against a party who bore the burden of proof at trial is a negative judgment. Smith v. Dermatology Assocs. of Ft. Wayne, P.C., 977 N.E.2d 1, 4 (Ind. Ct. App. 2012). On appeal, we will not reverse a negative judgment unless it is contrary to law. Id. To determine whether a judgment is contrary to law, we consider the evidence in the light most favorable to the appellee, together with all the reasonable inferences to be drawn therefrom. Id. A party

---

[6] The Denial Order is a final order because it disposes of all claims as to all parties. See Ind. Appellate Rule 2(H).

appealing from a negative judgment must show that the evidence points unerringly to a conclusion different than that reached by the trial court. Id.

## Issue One: Satisfaction of Judgment

We first consider Stoffel's argument that the Denial Order is, in effect, a modification of the Agreed Judgment on which Fannie Mae had already filed its Satisfaction of Judgment. At the hearing on Stoffel's motion to compel payment, Stoffel argued that "the real question in this case is" whether you can "enter a satisfaction of a judgment in full and then come back and try to get more money[.]" Transcript at 24. But the trial court rejected that characterization and concluded that the "clear question" for the court was "how much was the judgment actually worth on September 13, 2012[,] the date of the sale[.]" Id. at 16. We agree with the trial court.

The basis of Stoffel's motion to compel payment is that Fannie Mae's credit bid at the sheriff's sale was in excess of the Agreed Judgment. As such, Stoffel sought an order compelling Fannie Mae to pay to him $12,213.90, the difference between the $152,121.72 credit bid and $139,907.82, the face amount of the Agreed Judgment. In other words, according to Stoffel Fannie Mae's Satisfaction of Judgment prohibited Fannie Mae from presenting evidence that the Agreed Judgment was an amount other than $139,907.82.

Stoffel misunderstands the relationship between the Satisfaction of Judgment and his motion to compel. As we have explained: "Satisfaction of a judgment is generally the last act and end of a proceeding. Payment and satisfaction of a judgment operate to extinguish it and to put an end to its validity for all purposes whatsoever." RJH of Florida, Inc. v. Summit Account & Computer Servs., Inc., 725 N.E.2d 972, 974 (Ind. Ct. App. 2000)

7

(citation omitted). Thus, had Fannie Mae sought to recover a post-sheriff's sale deficit from Stoffel, its filing of the Satisfaction of Judgment would have prohibited that effort.

But that is not what happened. Rather, Stoffel filed a motion to compel the payment of an alleged surplus following the sheriff's sale. Fannie Mae did not seek to compel the payment of an alleged deficit, and it "does not assert that it is entitled to enforce a deficiency against Stoffel." Appellee's Br. at 12 n.6. Moreover, although the trial court found that there was a deficiency, the court did not order Stoffel to pay that deficiency but instead simply "dismisse[d]" his motion. Appellant's App. at 10. As such, the Satisfaction of Judgment did not prohibit Fannie Mae from presenting evidence to rebut Stoffel's allegation that a surplus existed.

Accordingly, we agree with the trial court that "how much . . . the judgment [was] actually worth" was squarely before the court on Stoffel's motion to compel. See Transcript at 16. The Agreed Judgment left certain costs to be determined, and Fannie Mae's Satisfaction of Judgment did not preclude the presentation of admissible evidence to demonstrate the amount of those costs. Thus, we affirm the trial court's rejection of Stoffel's argument on this issue.[7]

---

[7] Stoffel's reliance on Neu v. Gibson, 968 N.E.2d 262 (Ind. Ct. App. 2012), is misplaced. In Neu, the judgment creditor sought to foreclose on two parcels, one in Michigan and one in Indiana. Both parcels secured the same promissory note. After the judgment creditor had submitted a full credit bid at the Michigan sheriff's sale, he obtained a second foreclosure decree and attempted to proceed to a sheriff's sale on the Indiana real estate. We held that, because the debt had been extinguished by the Michigan's sheriff's sale, the judgment creditor had no right to a second foreclosure sale on the Indiana real estate to recover costs incurred both before and after the Michigan sheriff's sale. Id. at 281. Here, however, Fannie Mae included the post-judgment costs incurred through the date of the sheriff's sale in its credit bid. And, again, Stoffel stipulated to those costs in the Agreed Judgment. Thus, Fannie Mae is not seeking to recover any costs greater than its sheriff's sale bid or any costs that were incurred after the sheriff's sale or after the debt was extinguished. Neu is inapposite.

8

**Issue Two:  Admission of Evidence**

We next consider Stoffel's contention that the trial court erred when it admitted the Opoku affidavit, the Wilson affidavit, and the Kleindl letter.  "The standard of review for admissibility of evidence issues is abuse of discretion."  Perry v. Gulf Stream Coach, Inc., 871 N.E.2d 1038, 1047 (Ind. Ct. App. 2007) (citation omitted).  An abuse of discretion occurs if the trial court's judgment is "clearly against the logic and effect of the facts and circumstances before it" or if the trial court "err[ed] on a matter of law."  Santelli v. Rahmatullah, 993 N.E.2d 167, 175 (Ind. 2013) (internal quotation marks and citation omitted).  As an initial matter, we note that Fannie Mae does not dispute Stoffel's assertions that these three documents were each inadmissible hearsay, see Ind. Evidence Rules 801(c) (defining hearsay) & 803(6) (describing when business records are admissible hearsay), and were not self-authenticating, see Evid. R. 902(9).

Rather than dispute their admissibility under our Rules of Evidence, Fannie Mae instead asserts that Stoffel's motion is similar to motions filed under Indiana Trial Rules 59(H) and 69(E) and that the documents are admissible under the trial court's equitable powers.  Rule 59(H)(1) requires a motion to correct error that is based on evidence outside the record to "be supported by affidavits showing the truth of the grounds set out in the motion" and may be used to allege that newly discovered evidence requires reconsideration of the court's prior judgment.  See Mid-States Aircraft Engines, Inc. v. Mize Co., 467 N.E.2d 1242, 1245-46 (Ind. Ct. App. 1984).  Similarly, Rule 69(E) allows a judgment creditor to enforce its judgment in proceedings supplemental with affidavits alleging particular requirements described in the Rule.  Thus, Fannie Mae contends that Stoffel's

9

motion is akin to a motion filed under these rules and that the trial court properly used its "full discretion to fashion an equitable post-judgment outcome relating to the distribution of the proceeds of the sheriff's sale." Appellee's Br. at 22. That is, Fannie Mae reasons that, just as in other post-judgment proceedings, such as motions to correct error and motions in proceedings supplemental to execution, the trial court may rely on affidavits for information that could not have been offered in the underlying proceeding and for that reason are not previously reflected in the record.

We cannot agree with Fannie Mae's characterization of Stoffel's motion as equivalent to a motion to correct error under Trial Rule 59 or a motion in proceedings supplemental under Rule 69. Stoffel's motion sought to limit the Agreed Judgment to its face amount and to recover a credit. Thus, Stoffel's motion was proper under either Trial Rule 13(M) or Rule 60(B)(7). See Wilson v. Wilson, 169 Ind. App. 530, 533-35, 349 N.E.2d 277, 279-80 (1976). Rule 13(M) permits the trial court to order "[s]atisfaction of a judgment or credits thereon . . . upon notice and motion." Likewise, Rule 60(B)(7) allows a party to file a motion for relief from a judgment on the grounds that "the judgment has been satisfied, released, or discharged." Thus, Trial Rules 59 and 69 are inapposite to Stoffel's motion.

Further, while we agree with Fannie Mae that Stoffel's motion was drawn into equity, we disagree with Fannie Mae that this allowed the trial court to disregard our Rules of Evidence. A mortgage foreclosure is a hybrid of law and equity. A complaint on the underlying debt is an action at law, and a complaint to foreclose on the mortgage is a proceeding in equity. See Lucas v. U.S. Bank, N.A., 953 N.E.2d 457, 466 (Ind. 2012).

10

Where, as here, the legal and equitable claims are intertwined, the action at law is drawn into equity. See id. Thus, the court's proceeding on Stoffel's motion to compel was an equitable proceeding. But while a trial court has discretion to fashion a remedy in an equitable proceeding, Deutsche Bank Nat'l Trust Co. v. Mark Dill Plumbing, Co., 903 N.E.2d 166, 168 (Ind. Ct. App. 2009), clarified on other grounds on reh'g, 908 N.E.2d 1273 (Ind. Ct. App. 2009), the rules of evidence still apply, Kaczmarczyk v. Dolato, 191 Ind. 540, 133 N.E. 829, 831 (1922).

We acknowledge that judgment creditors routinely include post-judgment costs and expenses in their sheriff's sale bids and demonstrate those calculations by affidavit. In a typical case, the judgment creditor's post-judgment costs and expenses are easily determined and the mortgage foreclosure proceeding ends with the issuance of a sheriff's deed. And where, as here, post-judgment costs and expenses are awarded in the foreclosure judgment, there is no question that the judgment creditor is entitled to recover those costs and expenses, which are usually readily ascertainable and undisputed.

In this case, however, after the sheriff's sale the judgment debtor filed a motion to compel payment, contending that the winning bid resulted in a surplus. Only the judgment creditor has the records that would prove or disprove the allegation that there is a surplus. When challenged, the judgment creditor must present admissible evidence to show the costs included in the winning bid. See id. at 831. The affidavits and the unsigned, undated bid justification letter that Fannie Mae submitted to show the post-judgment costs are inadmissible hearsay and are not self-authenticating. The trial court erred when it admitted and considered the affidavits and the bid justification letter. Perry, 871 N.E.2d at 1047.

Setting aside the inadmissible evidence, we determine the amount of the Agreed Judgment based on the admissible evidence before the trial court. The amount of the Agreed Judgment should be as follows: $139,907.82 (the principal); $10,745.94 (post-judgment interest at 6.75%); $558.88 (the 2011 and 2012 real estate taxes, which Stoffel conceded after the trial court offered to take judicial notice of these taxes); and $534.50 (the sheriff's sale expenses from the clerk's return). Thus, the Agreed Judgment totals $151,747.14. Fannie Mae's winning credit bid at the sheriff's sale was $152,121.72, which results in a surplus owed to Stoffel of $374.58. Accordingly, we reverse the trial court's calculation of the amount of the Agreed Judgment and, considering only the admissible evidence before the trial court, we remand with instructions for the court to enter a judgment of $374.58 for Stoffel.

## CONCLUSION

In sum, we affirm the trial court's rejection of Stoffel's argument that Fannie Mae's Satisfaction of Judgment prohibited Fannie Mae from introducing evidence to show the correct amount of the Agreed Judgment. But we reverse the trial court's calculation of the amount of the Agreed Judgment, which the trial court determined after considering inadmissible evidence. Considering only the admissible evidence, we hold that the amount of Fannie Mae's credit bid exceeded the amount of the Agreed Judgment by $374.58. Thus, we affirm in part, reverse in part, and remand with instructions that the trial court enter judgment for Stoffel in the amount of $374.58.

Affirmed in part, reversed in part, and remanded with instructions.

MATHIAS, J., and BROWN, J., concur.

12