## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 13 2019, 7:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott A. Pyle
Dyer, Indiana

ATTORNEYS FOR APPELLEE

Zachary J. Eichel
Michael L. Einterz
Zionsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Old Plank Trail Community
Bank, N.A,

*Appellant-Garnishee Defendant,*

v.

Mattcon General
Contractors, Inc.,

*Appellee-Defendant/Counter-Plaintiff.*

December 13, 2019

Court of Appeals Case No.
19A-PL-1033

Appeal from the Marshall Circuit
Court

The Honorable Curtis D. Palmer,
Judge

Trial Court Cause No.
50C01-1806-PL-25

**Altice, Judge.**

## Case Summary

Old Plank Trail Community Bank, N.A. (Old Plank), appeals the trial court's denial of its motions to correct error, which determined that Old Plank had waived its right to set-off the garnished funds of its account holder, Mattcon General Contractors (Mattcon), because it had not adequately preserved its right to a set-off. Old Plank further contends that the trial court abused its discretion in entering a final order in garnishment in light of its right to set-off the amounts owed.

We affirm.

## Facts & Procedural History

On June 14, 2018, Burrink Commercial Services, Inc. (Burrink) filed a complaint to foreclose a mechanic's lien, for damages, and for breach of contract against Mattcon General Contractors (Mattcon). Aldi Inc. was also a named defendant because the work and materials for the construction project at issue were located on real estate that it owned. Burrink alleged that Mattcon had paid only part of what was owed, and an outstanding balance remained in the amount of $176,305.

Although the parties filed a series of claims, counterclaims, and motions from June, 2018 through December 2018, this appeal only concerns post-judgment collection efforts. Specifically, on December 6, 2018, the trial court entered a judgment for $162,178.95 in Mattcon's favor against Burrink. Thereafter, on January 8, 2019, Mattcon's counsel filed a series of proceedings supplemental

pleadings directed towards Old Plank—the garnishee defendant—as the holder of Burrink's accounts.

[5] The following day, the trial court ordered Old Plank to answer on or before February 1, 2019, certain interrogatories that Mattcon had filed or, at its option, appear in court and answer the interrogatories in person at a hearing scheduled for February 8, 2019, at 8:30 a.m. The order specifically provided that "[a]ny claim or defense to the proceedings supplemental garnishment order must be presented at the time and place of the hearing." *Appendix Vol. II* at 20-21.

[6] On January 24, 2019, Old Plank answered the interrogatories, indicating that Burrink maintained two checking accounts with it. Old Plank did not list any deposit amounts, and a handwritten note indicated that the "Bank has claimed set-off rights as past loans due to Bank." *Appellant's Appendix Vol. II* at 23. In its supplemental answers to those interrogatories, Old Plank asserted that there were amounts of deposits totaling $97,944.07 in the combined accounts, along with a handwritten note indicating, "set-off claimed" as to both amounts. *Id.* at 26. No further explanations regarding its claimed right of set-off were provided. Additionally, even though Old Plank's legal request coordinator remained in contact with Mattcon's counsel throughout the process, it did not provide any documents in support of its claimed set-off.

[7] Old Plank did not appear at the February 8, 2019 hearing, and the trial court issued a handwritten order that was captioned, "CCS ENTRY." *Appendix Vol. II* at 27. This entry provided, among other things, that Old Plank's failure to appear at the

February 8, 2019 proceedings supplemental hearing waived "any defenses as to garnished funds." *Id.*

[8] On February 11, 2019, Mattcon submitted a final order in garnishment. The trial court approved the order and entered judgment that same day. The order indicated that Old Plank had submitted answers to the interrogatories and that Burrink had accounts with Old Plank. The trial court ordered Old Plank to pay the balance due Mattcon in the amount of $97,943.96 to the county clerk.

[9] Old Plank filed two separate motions to correct error regarding the February 8, 2019 order and the subsequent order in garnishment. Old Plank asserted that the trial court erred in concluding that it had waived any defenses to the garnished funds. Specifically, Old Plank argued that even though it did not appear at the proceedings supplemental hearing, it had filed two separate pleadings with the trial court (the interrogatories) and had adequately provided Mattcon's counsel with the set-off rights and claims prior to the February 8, 2019 hearing. Old Plank alleged that it had the right, as Burrink's depositary bank, to set-off any amounts owed after receiving notice of the garnishment proceedings. Hence, Old Plank argued that the trial court should vacate the garnishment order.

[10] The trial court denied Old Plank's motions to correct error and it now appeals.

### Discussion & Decision

[11] A trial court has broad discretion to correct errors, and we will reverse only for an abuse of that discretion. *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265,

1270 (Ind. 2008). An abuse of discretion occurs when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences that may be drawn therefrom, or if it is based on impermissible reasons or considerations. *Lighty v. Lighty*, 879 N.E.2d 637, 640 (Ind. Ct. App. 2008). Moreover, an abuse of discretion will be found only when the trial court's judgment is clearly erroneous. *Sanders v. Sanders*, 105 N.E.3d 1102, 1106 (Ind. Ct. App. 2018). We further note that in this case, Old Plank is appealing from a negative order in garnishment. Thus, we will not reverse a trial court's order unless it is contrary to law. *Stoffel v. JPMorgan Chase Bank*, 3 N.E.3d 548, 552 (Ind. Ct. App. 2014). We will reverse only where the evidence leads to but one conclusion, and the trial court reached the opposite conclusion. *Smith v. Dermatology Assoc.,* 977 N.E.2d 1, 4 (Ind. Ct. App. 2012).

[12] A garnishment proceeding is a means by which a judgment creditor seeks to reach property of a judgment debtor in the hands of a third person, so that the property may be applied in satisfaction of the judgment. *Fifth Third Bank v. Peoples Nat'l Bank,* 929 N.E.2d 210, 214 (Ind. Ct. App. 2010). A judgment creditor has the initial burden of proving that funds are available for garnishment. *Commercial Credit Counseling Serv's. v. W.W. Grainger, Inc.,* 840 N.E.2d 843, 847 (Ind. Ct. App. 2006). Once a creditor has made a prima facie showing, the garnishee-defendant must demonstrate a countervailing interest in the property or assert a defense to the garnishment. *Id.*

[13] In general, a depositary bank has the right of set-off after receipt of notice of garnishment. *Fifth Third Bank,* 929 N.E.2d at 214. However, in the particular

context of banks as garnishee defendants, a bank may waive its right to a set-off. *First Bank of Whiting v. Samocki Bros. Trucking Co.,* 509 N.E.2d 187, 199 (Ind. Ct. App. 1987), *trans. denied.* Waiver has been defined as the voluntary relinquishment of a known right. *Kowalskey v. State*, 42 N.E.3d 97, 103 (Ind. Ct. App. 2015). Normally, silence or failure to act will not constitute waiver unless the holder of the right fails to speak or act when there is a duty to speak or act. *Grenchik v. State ex rel. Pavlo*, 373 N.E.2d 189, 193 (Ind. Ct. App. 1978).

[14] In this case, Old Plank submitted its answers to interrogatories that indicated a potential right to a set-off as a defense to a garnishment. However, it failed to include or reference any relevant loan documents, payment histories, statements of outstanding balances, or notices of default that would support its claimed set-off rights. Moreover, Old Plank had the duty, knowledge, and opportunity to present and prove the claimed defense to garnishment at the February 8 hearing. It failed to do so, despite the trial court's order that the claims or defenses were to be presented at the time and place of the hearing. Under these circumstances, we cannot say that the trial court abused its discretion in determining that Old Plank waived its right of set-off. *See Commercial Credit Counseling Serv's,* 840 N.E.2d at 848-49 (holding that the garnishee-defendant failed to establish a security interest in the judgment debtor's assets and hence, a defense to garnishment, when it only included an illegible security agreement between it and another debtor, an unsigned blank exemplar agreement, and an uncertified financing statement in support of its claim). The trial court's final order in garnishment stands.

[15] Judgment affirmed.

Brown, J. and Tavitas, J., concur.